23065. Massell Realty Company *et al. v.* Chamberlin *et al.*

Broyles, C. J. 1. "When a payment is made upon any debt, it shall be applied first to the discharge of any interest *due at the time* .(italics ours), and the balance, if any, to the reduction of the principal." Civil Code (1910), § 3433.

2. "When a payment is made by a debtor to a creditor holding several demands against him, the debtor has the right to direct the claim to which it shall be appropriated. *If he fails to do so, the creditor has the right to appropriate at his election.* (Italics ours.) If neither exercises this privilege, the law will direct the application in such manner as is reasonable and equitable, both as to parties and third persons." Civil Code (1910), § 4316.

3. In the instant case when the payment was made by the debtor, no interest was *then due* on the principal of the debt, and the debtor did not direct that the payment be applied to any particular claim. It follows that the creditor had the right to apply the payment to the reduction of the principal of the debt. Moreover, under the facts of the case, such an application was more beneficial to the debtor than if the payment had been applied to the discharge of the interest on the debt.

4. A ground of the motion for a new trial is as follows: "Because no verdict was returned on the original plea in abatement as amended aver-

ring that said suit was prematurely filed, and, as movants contend, said plea, being the only issue, was wholly disregarded and remains in court undisposed of, the verdict prepared by counsel for plaintiffs and signed by the foreman of the jury, being solely a verdict for principal, interest and attorney's fees on the note sued upon, and said verdict was a nullity." Under repeated rulings of the Supreme Court and of this court, a special ground of a motion for a new trial not complete and understandable within itself can not be considered by the reviewing court. It does not appear from the ground under consideration that the averments of the plea were supported by any evidence whatsoever, and, therefore, this court can not consider the ground, which is obviously not complete and understandable within itself.

5. The verdict directed by the court was demanded by the evidence, and the special grounds of the motion for a new trial show no cause for another hearing of the case.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED OCTOBER 12, 1933.

*J. K. Jordan, Samuel A. Massell,* for plaintiffs in error.
*Anderson, Crenshaw & Hansell, Warren Cox,* contra.