44452. REEVES v. HUNNICUTT, Executrix, et al.

ARGUED MAY 5, 1969—DECIDED JUNE 17, 1969.

*Thomas E. Moran,* for appellant.
*Poole, Pierce & Cooper, Walter G. Cooper,* for appellees.

QUILLIAN, Judge. The defendant Reeves contends that acts of Hunnicutt unjustifiably impaired the collateral for the note within the meaning of *Code Ann.* § 109A-3—606 (b) (Ga. L.

1962, pp. 156, 278), thereby discharging him as a matter of law. The defendant contends: that Hunnicutt without his knowledge or consent allowed the original maker of the note to transfer the collateral securing the note to another party; that the collateral was then transferred several times without his knowledge or consent. The defendant insists that this action by Hunnicutt completely divorced him from the collateral, which has been dissipated, and destroyed his right of contribution from the transferees.

The defendant's contentions are without merit because of the provisions of the note in question which are in part: ". . . the surrender or release of any collateral held by the payee or holder hereof, shall not affect the liability of any indorser, guarantor, surety or other party to this note or release or relieve them or either of them, from liability to pay the full amount of this note, and the holder or payee may proceed against any party to this note without first proceeding against the maker or other party. The payee or holder hereof shall be under no duty. to enforce payment of the collateral securing this note. Should any payee or holder undertake to collect upon said collateral or any part thereof, it shall not be liable for any negligence or mistake in judgment in making such collection, and shall have the full right and authority to adjust, compromise and receive less than the amount due upon any of said collateral, and otherwise to enter into any accord and satisfaction with respect to same as may to said payee or holder seem advisable, without liability of any nature to any party to this paper, except to duly credit the amount received, less expenses upon this note."

*Code Ann.* § 109A-3—606 provides that: "The holder discharges any party to the instrument to the extent that *without such party's consent* the holder . . . (b) unjustifiably impairs any collateral for the instrument given by or on behalf of the party or any person against whom he has a right of recourse." (Emphasis supplied.) As pointed out in 2 ULA-UCC § 3-606, Official Comment #2: "Consent may be given in advance and is commonly incorporated in the instrument. . . It requires no consideration, and operates as a waiver of the consenting party's right to claim his own discharge." This is precisely what transpired in this situation.

It is clear that under the terms of the note knowledge on the part of Hunnicutt of transfers of the collateral would not affect the defendant's liability for payment of the note.

The granting of the summary judgment was not error.

*Judgment affirmed. Felton, C. J., and Pannell, J., concur.*