## 28245. GREENE v. BANK OF UPSON.

UNDERCOFLER, Justice. The question here is whether the bank's failure to file a financing statement impaired the collateral so as to discharge the appellant who was an endorser and guarantor of the obligation. This appeal is from the grant of the bank's motion for summary judgment. *Held:*

Code Ann. § 109A-3—606 (1, b) provides: "The holder discharges any party to the instrument to the extent that without such party's consent, the holder . . . (b) unjustifiably impairs any collateral for the instrument given by or on behalf of the party or any person against whom he has right of recourse."

The guaranty of payment agreement in the instant case provides, ". . . that the holder of said note may from time to time extend or renew said note for any period (whether or not longer than the original period of said note), may, from time to time and without notice, surrender, compromise, substitute or exchange all or any part of the collateral described on the reverse hereof, and may grant any releases, compromises or indulgences with respect to said note or any extension or renewal thereof or any security therefor or to any party liable thereunder or hereunder (including but not limiting to failure or refusal to exercise one or more of the rights or remedies provided by said note), all without notice to or consent of any of the undersigned and without affecting the liability of the undersigned hereunder, any of whom may be sued by the holder hereof with or without joining any of the other indorsers or makers of this note and without first or contemporaneously suing such other persons, or otherwise seeking or proceeding to collect from them."

The collateral note provides: "The holder shall be deemed to have exercised reasonable care in the custody and preservation of the collateral if holder takes such action for that purpose as the undersigned shall request in writing, but failure of the holder to comply with any such request shall not of itself be deemed a failure to exercise reasonable care, and no failure of the holder

to preserve or protect any rights with respect to the collateral against prior parties, or to do any act with respect to the preservation of the collateral not so required by the undersigned, shall be deemed a failure to exercise reasonable care in the custody or preservation of the collateral."

We hold that under the agreements here the appellant consented to the impairment of the collateral and can not now complain. *Reeves v. Hunnicutt*, 119 Ga. App. 806 (168 SE2d 663). As stated in Etelson v. Suburban Trust Co., 263 Md. 376, 379 (283 A2d 408): "In the instant case, however, the Etelsons by agreeing to the broad language of the endorsement limited the protection to which they might have otherwise been entitled under the UCC. It is clear from the express wording of the endorsement that the bank could have released the collateral at any time without notice to the Etelsons and without the release affecting the Etelsons' obligation to pay. It would be illogical to rule that the bank had a duty to file the financing statement and its failure to do so released the endorsers, when under the endorsement it could have released the collateral with impunity."

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 12, 1973 — DECIDED OCTOBER 25, 1973.

*Richard M. Nichols,* for appellant.
*Zack D. Cravey, Jr., Julian E. Gortatowsky,* for appellee.