## 50481. YANCEY BROTHERS COMPANY v. SURE QUALITY FRAMING CONTRACTORS, INC. et al.

MARSHALL, Judge.

Yancey Bros. appeals from the dismissal of part of its complaint against six named individual defendants who signed an equipment leasing contract upon which the suit is based. The contract was entered into between Yancey Bros. Co., as lessor, and Sure Quality Framing Contractors, Inc., as lessee, and signed by Edwin I. Barber, President of Sure Quality. On a separate page entitled "Schedule 'A' " appear the signatures of each of the six individual defendants, under each of which is printed, "Personal Endorsement." In the body of the lease contract is found this provision, "It is understood and agreed between the parties that Schedule 'A' consisting of personal endorsements is hereby incorporated and made a part of this lease." Yancey Bros. contends that these six individuals were liable under the contract (for default in rental payments) either as principals or as sureties thereto. *Held:*

The face of the contract shows that these six individuals were not principals, because the contract clearly was between Yancey Bros., lessor, and Quality Framing Contractors, Inc., lessee. Did these individuals sign as sureties? "The contract of suretyship is one whereby a person obligates himself to pay the debt of another in consideration of credit or indulgence, or other benefit given to his principal, the principal remaining bound therefor . . ." Code § 103-101. "The form of the contract is immaterial, provided the fact of suretyship exists; hence, an accommodation indorser is considered merely as a surety." Code § 103-104. "If the fact of suretyship does not appear on the face of the contract, it may be proved by parol, either before or after judgment . . ." Code § 103-306.

The fact of suretyship does not exist on the face of this contract. Under these Code sections, it is apparent that the parties in this suit are permitted to either prove or disprove the existence of a surety relationship. The question is an evidentiary one and its proper resolution requires that facts be submitted to the fact finder to

determine what was the intent of the parties. "The cardinal rule of [contract] construction is to ascertain the intention of the parties." Code § 20-702. The question of the intention of the parties in this case is properly for the jury. Code § 20-701. See e.g. *Chambliss v. Hall,* 113 Ga. App. 96 (4) (147 SE2d 334); *White v. Trippe,* 83 Ga. App. 412 (1) (63 SE2d 710). See also *Bishop v. Georgia Nat. Bank,* 13 Ga. App. 38 (2) (78 SE 947) dealing with factual matters considered relevant to jury consideration on the issue of whether a signatory was a principal or surety to a note. There having been no evidence submitted as to what the parties intended by these "Personal Endorsements," the case is reversed and remanded for an evidentiary hearing.

*Judgment reversed and remanded with direction. Bell, C. J., and Webb, J., concur.*

ARGUED APRIL 7, 1975 — DECIDED JULY 16, 1975.

*Clifton, Helms & Dodd, Marshall L. Helms, Jr., David A. Dodd,* for appellant.

*Gerstein, Carter & Chesnut, Rick Powell, R. J. Armstrong,* for appellees.