54822. HALL et al. v. FIRST NATIONAL BANK OF ATLANTA.

Smith, Judge.
Village Living, Hall, and Van Dyke appeal from the grant of partial summary judgment in favor of First

National Bank of Atlanta. They allege the trial court erred in granting partial summary judgment because material issues of fact remained as to their defenses and because they had made valid objections to affidavits upon which appellee relied as supportive of its motion for summary judgment. Appellants also enumerate as error the court's denial of Jessee's and Raney's motion for summary judgment. We affirm.

The appellant obligor, Village Living, executed and delivered to appellee two promissory notes whereon it promised to pay appellee a total amount of $195,400, plus interest and attorney fees. Appellant guarantors, Hall and Van Dyke, along with Jessee and Raney executed a guaranty on which they unconditionally promised to pay when due all debts owed to appellee by Village Living. The guaranty specifically limited the liability of each guarantor to one-fifth of Village Living's total indebtedness. Village Living defaulted, the bank accelerated payment of the notes and demanded performance by the guarantors. Via letters in response to that demand, Jessee and Raney each tendered payment of one-fifth the total indebtedness "as full payment of my [his] obligation under both notes." Appellee refused Jessee's tender and failed to surrender to Raney his proportionate share of the evidence of indebtedness. The trial court entered summary judgment against Village Living for its entire indebtedness on the notes and against each appellant guarantor for one-fifth the entire indebtedness.

1. Even assuming that the issue concerning the propriety of the denial of Jessee's and Raney's motion for summary judgment were otherwise properly before this court, we cannot perceive that appellant guarantors were "adversely affected" by the denial. Since they lack standing to present the issue, we cannot consider it. *Avis Rent a Car System, Inc. v. Rice,* 132 Ga. App. 857(2) (209 SE2d 270) (1974).

2. Village Living's liability was undisputed; hence, the court properly entered summary judgment against it.

3. Appellant guarantors contend that, by its refusal of the tender made by Jessee and by its failure to surrender the evidence of indebtedness to Raney, appellee

waived any tender on appellant guarantors' part and thus discharged them, along with Jessee and Raney, under Code §§ 103-204 and 20-1105. We disagree. Not only did the appellant guarantors fail to plead affirmatively the defense of waiver, but also the evidence introduced on the motion for summary judgment showed that their waiver defense was not viable. CPA § 8 (Code Ann. § 81A-108). As supportive of their waiver defense appellant guarantors cite cases such as *O'Neal v. Spivey*, 167 Ga. 176, 179 (145 SE 71) (1928), which holds: "Nothing is better settled than that a refusal to consider an offer to pay a debt dispenses with the formality of making a legal tender." However, in that case and in the other cited cases, the "offer to pay" was made by the *debtor* (or his agent) of *his own* debt. In the case before us, according to the letters of tender written by Jessee and Raney, each offered to pay his individual part of the indebtedness; neither attempted to discharge the appellant guarantors' respective liabilities.

Appellant guarantors also contend they were entitled to rely upon the appellee's response to Jessee's and Raney's tender as indicative that any tender they might have made would have been refused. However, appellant guarantors also failed to plead affirmatively this defense, which, essentially, alleges estoppel. CPA § 8, supra. Furthermore, no inference could possibly be drawn from the evidence as supportive of the allegation in their brief that they did in fact *rely* upon the appellee's purportedly inappropriate action in regard to the Jessee and Raney tenders. The only evidence on this issue is found in the deposition of Jessee, who therein said that, before he tendered, he had not informed the appellant guarantors he intended to do so, because it "was something that I had decided to do on my own." Jessee further deposed that he never suggested to the appellant guarantors that they make similar tenders. Since the evidence does not indicate that the appellant guarantors even *knew* that Jessee and Raney had tendered payment, much less that they relied upon the bank's action in response, their estoppel defense must fail.

Had appellant guarantors pled these two defenses affirmatively, our decision in regard thereto might have been different. However, the purpose of the pleading rules

set out in CPA § 8, supra, is "to prevent surprise and to give the opposing party fair notice of what he must meet as a defense." *Phillips v. State Farm Mut. Auto. Ins. Co.,* 121 Ga. App. 342, 346 (173 SE2d 723) (1970). This purpose should not be thwarted. "If [the affirmative defense] is not pleaded it is generally held that the defense is waived, but if it is raised by motion, or by special plea in connection with the answer or by motion for summary judgment there is no waiver . . . Moreover, 'failure to plead an affirmative defense is immaterial if evidence of the defense is introduced and not objected to for failure to plead it, and no surprise is claimed.' " Id. Appellant guarantors did not raise the defenses by motion or plea of any sort, nor was there evidence supportive of them produced on the motion for summary judgment.

4. Assuming Jessee and Raney were discharged by the appellee's action, that did not ipso facto result in appellant guarantors' discharge. Code § 103-204 provides only for the discharge of the person whose tender was refused. Furthermore, the guaranty gave the appellee the right to release any co-surety at any time, without notice to the others and without affecting the others' guaranty obligations. It would be illogical for us to rule that the appellee's response to the Jessee and Raney tenders resulted in the release of appellant guarantors when, under the guaranty, the appellee could have released Jessee and Raney at any time, with impunity. *Greene v. Bank of Upson,* 231 Ga. 287 (201 SE2d 463) (1973).

5. Because the allegedly objectionable affidavits were relevant only insofar as appellant guarantors' nonviable defenses were concerned, we find meritless their contention that the trial court erroneously considered the affidavits introduced by appellee. There being no dispute as to Village Living's liability on the notes, a prima facie case was thus established against appellant guarantors. *Escambia Chemical Corp. v. Rocker,* 124 Ga. App. 434 (184 SE2d 31) (1971). Since they did not show that an issue of fact existed as to their liability, summary judgment was properly entered against them.

*Judgment affirmed. Bell, C. J., and McMurray, J., concur.*

Argued October 31, 1977 — Decided February 15, 1978 — Rehearing denied March 14, 1978 — Cert. applied for.

*Jeffrey L. Sakas,* for appellants.
*Long, Aldridge, Heiner, Stevens & Sumner, S. Philip Heiner, James J. Thomas, II,* for appellee.