### 61130. GRISWOLD v. WHETSELL et al.

QUILLIAN, Chief Judge.

This is an action on a promissory note. The defendant Griswold signed the "Guaranty of Payment" on the reverse side of the note. The original holders, Whetsell and Fountain, assigned the note to the Spivey State Bank. All three brought this action as plaintiffs.

Plaintiffs argued to the trial court that Griswold was a surety and primarily liable upon the note. Griswold contended she was a guarantor, and set forth two defenses in her answer: (1) the contract of guaranty was void for want of consideration, and (2) plaintiffs impaired the collateral — thus altering the contract of guaranty which released her from her obligation of guaranty. The trial court held the defendant was a surety, struck her two defenses, and directed a verdict for the plaintiffs. Defendant brings this appeal. *Held:*

1. Defendant enumerates but one error: "The Court erred in directing the verdict against defendant . . ." Plaintiffs argue that the court did not err in directing the verdict as the court had stricken all defenses of the defendant. This is a logical and persuasive argument — except for our statutes.

"Where it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing, what judgment or judgments were appealed from or what errors are sought to be asserted upon appeal, the appeal shall be considered in accordance therewith notwithstanding that the . . . enumeration of errors fails to enumerate clearly the errors sought to be reviewed."

Code Ann. § 6-809 (d) (Ga. L. 1965, pp. 18, 29; as amended through 1978, p. 1986). It is apparent from the record that the error complained of is the striking of the defendant's defenses — which authorized the directed verdict. Our Rules also state that "[t]he enumeration of errors shall be deemed to include and present for review all judgments necessary for a determination of the errors specified." Rule 27 (e) (Code Ann. § 24-3627 (e)). Thus, the judgments authorizing the dismissal will be presented for review as being included within the enumeration. Accordingly, we will consider whether it was appropriate to strike the defendant's defenses. See *Adams-Cates Co. v. Marler,* 235 Ga. 606 (221 SE2d 30); *Contractors Mgt. Corp. v. McDowell-Kelley, Inc.,* 136 Ga. App. 116 (1) (220 SE2d 473).

2. Although the reverse side of the promissory note stated it was a "Guaranty of Payment," the trial court held the defendant's contract was one of suretyship. We agree. "Mere nomenclature is not of itself determinative as to whether a contract is one of guaranty or suretyship." *Kennedy v. Thruway Service City,* 133 Ga. App. 858, 860 (212 SE2d 492); *Wolkin v. Nat. Acceptance Co.,* 222 Ga. 487, 489 (150 SE2d 831). "Whether or not a party has entered into a contract of guaranty is to be determined by its substance and not by the nomenclature of the agreement." *Wehle v. Baker,* 97 Ga. App. 111, 112 (102 SE2d 661). Hence, the form of the contract is immaterial, provided the essential fact of suretyship exists by construction of the contents. Code Ann. § 103-104 (Code § 103-104).

The "surety-guaranty" dichotomy of identity of, or capacity of, a signatory of negotiable instruments has been continuously but inconclusively written on from the inception of our appellate court. The author judge usually discerns a key distinction — applicable principally to the case at bar. One of the better synopses is by Judge Hill in *Musgrove v. Luther Publishing Co.,* 5 Ga. App. 279, 281 (63 SE 52), wherein he stated: "A surety is usually bound with his principal by the same instrument, executed at the same time and on the same consideration. He is an original promisor and debtor from the beginning . . . On the other hand, the contract of the guarantor is his own separate undertaking, in which the principal does not join. It is usually entered into before or after that of the principal, and is often founded on a separate consideration from that supporting the contract of the principal."

"The fundamental difference between a contract of suretyship and that of guaranty is that the undertaking in the former is a primary obligation to pay the debt, and in the latter it is a secondary obligation which merely guarantees the solvency of the principal." *Nichols v. Miller,* 91 Ga. App. 99, 101 (84 SE2d 841); accord, *Watkins*

*Medical Co. v. Marbach,* 20 Ga. App. 691, 695 (93 SE 270); *General Finance Corp. v. Welborn,* 98 Ga. App. 280, 282-283 (105 SE2d 386).

In the instant case the contract stated, in pertinent part: "the undersigned hereby unconditionally guarantees the payment of the note on the reverse side hereof and all extensions or renewals . . . waives presentment [,] demand [,] notice of dishonor . . . all without notice to or consent of any of the undersigned and *without affecting the liability of the undersigned hereunder, any of whom may be sued by the holder* hereof with or *without joining* any of the other indorsers or *makers of this Note and without first or contemporaneously suing such other persons, or otherwise seeking or proceeding to collect from them.*" (Emphasis supplied.) The above italicized words conclusively show the signer was a surety who could be sued individually or jointly with the maker, or without suit first being brought against the maker. It evidences primary liability — not secondary liability.

Further, defendant alleged she received no consideration. Our Code provides that the contract of a surety is one where the person obligates himself to pay the debt of another in consideration of credit or indulgence to his principal. Code Ann. § 103-101 (Code § 103-101). Stated otherwise, the actual consideration for the signature of the surety is the extension of credit to his principal. *Rankin v. Smith,* 113 Ga. App. 204, 206 (147 SE2d 649); *Dunlap v. C. & S. DeKalb Bank,* 134 Ga. App. 893, 895 (216 SE2d 651); *Yancey Bros. v. Sure Quality &c. Inc.,* 135 Ga. App. 465 (218 SE2d 142); see also *Kennedy v. Thruway Service City,* 133 Ga. App. 858, 862, supra. The subscriber here loaned her credit to that of her principal.

Another reason exists for declaring this contract to be one of surety. As the defendant signed her name to this instrument for the purpose of lending her credit to that of the maker, she is an accommodation party (Code Ann. § 109A-3—415 (1) (Ga. L. 1962, pp. 156, 262)), regardless of whether she received any compensation for so acting or did so gratuitously. *Lewis v. C. & S. Nat. Bank,* 139 Ga. App. 855, 857 (229 SE2d 765); 2 Anderson, Uniform Commercial Code 1000, § 3-415:4. "Subsection (1) [of Code Ann. § 109A-3—415] recognizes that an accommodation party is always a surety . . ." 2 Anderson, Uniform Commercial Code 997, § 3-415:1.

Accordingly, it is clear from the wording of the instrument — a document she admittedly, voluntarily, and knowingly signed, that the defendant is a primary obligor — a surety; and she is also an accommodation party — a surety within the meaning of our Code.

3. Although we have determined that defendant Griswold was a surety and primarily liable, this does not — ipso facto, cut off all of the surety's defenses. 3 Anderson, Uniform Commercial Code 127, § 3-606:3. A surety is an accommodation party. Code Ann. §

109A-3—415. supra. Discharge of all parties, including sureties, is controlled by Code Ann. § 109A-3—601 (Ga. L. 1962, pp. 156, 276). Impairment of recourse or of collateral by a holder may discharge any party to the instrument when done without such party's consent. Code Ann. § 109A-3-606 (1) (b) (Ga. L. 1962, pp. 156, 278). Defendant argues that plaintiffs " 'fumbled' the transfer of the collateral protection by negligently handling the perfection of the security interest" — thereby impairing the collateral security and releasing Mrs. Griswold — the surety.

Assuming, without deciding, that plaintiffs negligently impaired the collateral, " '[c]onsent may be given in advance [to release or compromise the collateral] and is commonly incorporated in the instrument . . . It requires no consideration, and operates as a waiver of the consenting party's right [the surety] to claim his own discharge.' This is precisely what transpired in this situation." *Reeves v. Hunnicutt,* 119 Ga. App. 806, 807 (168 SE2d 663); *Wilson v. Baxley State Bank,* 155 Ga. App. 507 (271 SE2d 655).

The guaranty signed by Griswold stated in part that "the holder of said note . . . may from time to time and without notice surrender, compromise, substitute or exchange all or any part of the Collateral . . . and may grant any release, compromises or indulgences with respect to . . . any security therefor . . . all without notice to or consent of any of the undersigned and without affecting the liability of the undersigned [surety] hereunder . . ."

"We hold that under the agreements here the appellant consented to the impairment of the collateral and can not now complain . . . [T]he [surety] by agreeing to the broad language of the [guaranty] endorsement limited the protection to which [she] might have otherwise been entitled under the UCC. It is clear from the express wording of the [guaranty] endorsement that the [holder] could have released the collateral at any time without notice to the [surety] and without the release affecting the [surety's] obligation to pay." *Greene v. Bank of Upson,* 231 Ga. 287, 288 (201 SE2d 463). "A surety or guarantor may consent in advance to a course of conduct which would otherwise result in his discharge." *Dunlap v. C. & S. DeKalb Bank,* 134 Ga. App. 893, 896 (216 SE2d 651); *Colodny v. Dominion Mtg. & Rlty. Trust,* 141 Ga. App. 139, 142 (232 SE2d 601). The surety consented to the action taken by the holder and is estopped to assert the defense of impairment of collateral. See *Hall v. First Nat. Bank,* 145 Ga. App. 267 (4) (243 SE2d 569); *C. & S. Nat. Bank v. Scheider,* 139 Ga. App. 475, 476 (228 SE2d 611); *Union Commerce Leasing Corp. v. Beef 'N Burgundy, Inc.,* 155 Ga. App. 257 (3) (270 SE2d 696).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

804

DECIDED MARCH 5, 1981.

*G. Gerald Kunes,* for appellant.
*James Whelchel,* for appellees.