73326. H & H OPERATIONS, INC. et al. v. WEST GEORGIA NATIONAL BANK OF CARROLLTON.
(353 SE2d 633)

McMURRAY, Presiding Judge.

H & H Operations, Inc. (H & H) executed a promissory note in favor of West Georgia National Bank of Carrollton (bank) in the principal amount of $63,485.75. This loan was secured by the inventory, equipment and fixtures of one of H & H's convenience stores located in Carrollton, Georgia and was personally endorsed by W. Michael Hyde, the president and primary stockholder of H & H. H & H defaulted on the note and the bank filed suit against H & H and Hyde to recover the debt. H & H and Hyde answered, denying the material allegations of the complaint and the bank subsequently moved for summary judgment. H & H and Hyde did not dispute the validity of the note but argued that they had been discharged from liability because the bank had impaired the collateral at the convenience store. In this regard, the trial court entered summary judgment in favor of the bank, finding that the evidence showed that the bank did not impair the collateral because it never had actual or constructive possession of the collateral as the collateral had remained in the same location as it was either on or shortly after the execution of the note. H & H and Hyde now appeal. *Held*:

1. In their second, third and fourth enumerations of error H & H and Hyde assert several arguments, contending that the trial court erroneously granted summary judgment in favor of the bank because there exists a genuine issue of material fact as to whether the bank impaired collateral. See OCGA § 11-3-606 (1) (b).

"Assuming, without deciding, that [the bank] negligently im-

paired the collateral, ' "(c)onsent may be given in advance (to release or compromise the collateral) and is commonly incorporated in the [security] instrument . . . It requires no consideration, and operates as a waiver of the consenting party's right . . . to claim his own discharge." . . .' *Reeves v. Hunnicutt,* 119 Ga. App. 806, 807 (168 SE2d 663); *Wilson v. Baxley State Bank,* 155 Ga. App. 507 (271 SE2d 655)." *Griswold v. Whetsell,* 157 Ga. App. 800, 803 (3) (278 SE2d 753). In the case sub judice, the promissory note provided that the bank may "release any security . . . without affecting [H & H and Hyde's] obligation to pay the loan." From this language, it is apparent that H & H and Hyde consented in advance to an impairment of collateral by the bank. Consequently, H & H and Hyde are estopped to assert the defense of impairment of collateral. *Griswold v. Whetsell,* 157 Ga. App. 800, 803 (3), supra. See *Sadler v. Trust Co. Bank,* 178 Ga. App. 871, 872 (1) (344 SE2d 694). Since there is no dispute that H & H is in default on the promissory note and that Hyde personally endorsed the note, the trial court did not err in granting summary judgment in favor of the bank.

2. In light of our holding in Division 1 of this opinion, H & H and Hyde's first enumeration of error is rendered moot.

*Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED FEBRUARY 12, 1987.

*George C. Rosenzweig,* for appellants.
*Patrick J. Fox,* for appellee.