74708. SMITH et al. v. GREAT SOUTHERN FEDERAL
SAVINGS BANK.
(361 SE2d 847)

CARLEY, Judge.
    Appellee-plaintiff is the holder of six promissory notes. Appellant-defendants are two of the five guarantors of those notes. When the notes went into default, appellee filed suit against all five of the guarantors. Following discovery and the entry of consent judgments against two of the other guarantors, appellee moved for summary judgment as against appellants only. Appellants appeal from the trial court's order granting summary judgment in favor of appellee.
    1. Appellants urge that the trial court's granting of summary judgment was erroneous in that a genuine issue of material fact remains as to whether appellee released the other guarantors and thereby discharged appellants by operation of law.
    Whether or not appellee may have released the other guarantors would not be material to appellants' liability. Under the terms of the guaranty agreement, appellants consented to appellee's "release or compromise [of] any liability of any party or parties primarily or secondarily liable on any of these Liabilities . . . without affecting the liability of the undersigned [guarantors]. . . ." It is well established under Georgia law that "[a] surety or guarantor may consent in advance to a course of conduct which would otherwise result in his discharge. [Cits.]" *Dunlap v. C & S DeKalb Bank*, 134 Ga. App. 893, 896 (4) (216 SE2d 651) (1975). See also *Colodny v. Dominion Mtg. &c. Trust*, 141 Ga. App. 139 (2) (232 SE2d 601) (1977); *Thurmond v. Ga. R. Bank &c. Co.*, 162 Ga. App. 245 (1) (290 SE2d 126) (1982). Appellants urge that this provision in the guaranty agreement is to be construed as a limitation on the appellee. Under appellant's construction, the agreement should be read to provide that appellee may release or compromise any primary or secondary liability but only so long as appellee's action is "without [effect upon] the liability of the undersigned [guarantors]. . . ." However, this court has consistently held that a provision in a guaranty agreement whereby the lender is authorized to take certain actions " 'without affecting [the guaran-

tor's] obligation to pay the loan' " constitutes the guarantor's advance consent to such actions by the lender and operates as a waiver of the guarantor's right to assert that those actions have resulted in his discharge. *H & H Operations v. West Ga. Nat. Bank*, 181 Ga. App. 766, 767 (353 SE2d 633) (1987).

2. Appellants also urge that genuine issues of material fact remain with regard to appellee's control and possession of the collateral which secured the notes. However, under the terms of the guaranty agreement, appellee was authorized to "release its security interest, if any, in all or any property securing any of the Liabilities and permit substitution or exchange for any such property . . . without affecting the liability of the undersigned [guarantors]." "From this language, it is apparent that [appellants] consented in advance to an impairment of collateral by [appellee]. Consequently, [appellants] are estopped to assert the defense of impairment of collateral. [Cits.]. . . . [T]he trial court did not err in granting summary judgment in favor of [appellee]." *H & H Operations v. West Ga. Nat. Bank*, supra at 767.

3. The material facts of the present case are indistinguishable from those of *H & H Operations*, supra. Therefore, our holding in that case controls and the grant of summary judgment in favor of appellee is affirmed.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED OCTOBER 2, 1987.

*H. William Cohen*, for appellants.
*John L. Watkins, James J. Thomas II*, for appellee.