## 75212. SPILLERS v. FIRST SOUTH BANK, N.A.
(365 SE2d 151)

POPE, Judge.
In 1980 plaintiff First South Bank, N.A. (through its predecessor in interest) extended a loan to one Nichols. The variable rate demand note was co-signed by defendant Paul Spillers. Various payments were made on the note until June 1986, when the bank requested the original loan be paid off from the proceeds of a new loan for stipulated monthly payments. The new installment note for $54,182.88 included interest on a principal amount of $42,091.76, the pay-off amount of the original loan. The installment note went into default and plaintiff bank brought suit against both Nichols and Spillers. Summary judgment was denied the bank in regard to its claim against Nichols because Nichols raised the defense that he had signed the note form before any of the essential terms were filled in and that the bank had completed the instrument otherwise than as authorized by

him. However, summary judgment was granted to the bank as against defendant Spillers, who appeals.

1. Defendant Spillers first argues that summary judgment should not be granted because a genuine issue of fact has been raised as to the amount due on the note. Essentially, defendant argues that there is partial failure of consideration for the new installment note because the two debtors were overcharged for interest remaining on the original demand note.

The original demand note was subject to a variable rate of interest. When the interest rate changed, the defendants were notified by mail on a form which listed the outstanding balance of the loan. The final balance due on the original note before it was "rolled over" into the new installment note was $23,353.60. This indicates that over $18,000 was charged for outstanding interest since the pay-off of the old note, and the principal amount of the new installment note, was $42,091.76. In the months prior to the execution of the new installment note, the interest rate notices showed a decrease in the balance due, indicating that payments were credited to the account. Defendant Spillers argues that, pursuant to OCGA § 7-4-17, payments on a debt must first be applied to interest due, with only the balance of the payment, if any, applied to the principal. Because the principal decreased in the final months, defendant argues the co-signers could not possibly have owed over $18,000 in interest, since accrued interest should have been credited before the principal was reduced. Defendant contends this alleged discrepancy shows the amount due on the original note is in dispute.

Pursuant to OCGA § 7-4-17, any payment upon a debt "shall be applied first to the discharge of any interest *due at the time. . . .*" (Emphasis added.) In the case of a demand note, no time for payment is expressed. Therefore, no interest would be due until payment is demanded. In the case at hand, various payments had been made over the years which the bank had credited to reduce the principal amount of the original demand note, rather than the accrued interest. Unless the debtor has stipulated otherwise, the creditor has the right to apply any payments to the reduction of the principal of the debt where, as here, no interest was then due at the time of payment. *Massell Realty Co. v. Chamberlin*, 47 Ga. App. 718 (3) (171 SE 311) (1933). No evidence was presented that the debtors stipulated in the original demand note that payments should be credited in any particular manner. Therefore, the bank was free to apply payment to the principal of the note. No genuine issue of partial failure of consideration is raised by defendant's argument that the bank overcharged him for interest due on the original note.

2. However, we agree with defendant that a triable issue of fact remains as to whether defendant Spillers' liability on the note may be

discharged along with the liability of his co-maker. Even though defendant Spillers executed the note as a co-maker, he may show by parol evidence that the true capacity in which he executed the note was as an accommodation party and thereby establish his rights as a surety. *Bank of Terrell v. Webb*, 177 Ga. App. 715 (1) (341 SE2d 258) (1986); *Deems v. Wilson*, 114 Ga. App. 341 (1) (151 SE2d 230) (1966). "Whenever the principal debtor is discharged, the surety is also discharged." *Samples v. Kamp-N-Go Systems*, 139 Ga. App. 324 (228 SE2d 360) (1976). In the case at hand, if the co-maker shows at trial that he is discharged from liability because the bank completed the instrument of debt in an unauthorized manner (see OCGA §§ 11-3-407 (1) (b) and 11-3-601 (1) (f)), then defendant, if he is shown to be an accommodation party, would be discharged also. See *Griswold v. Whetsell*, 157 Ga. App. 800 (3) (278 SE2d 753) (1981). The rationale for such a discharge of the accommodation party is that his right of recourse against the discharged co-maker would be impaired.

Summary judgment should not have been granted against defendant Spillers because a genuine issue exists as to whether his liability on the note should be discharged.

*Judgment reversed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED JANUARY 19, 1988.

*Thomas M. Green*, for appellant.
*Charles J. Lüpfert*, for appellee.