77776. CITIZENS & SOUTHERN NATIONAL BANK
v. RICHARDSON.
(378 SE2d 159)

BANKE, Presiding Judge.
On December 6, 1985, the appellant bank extended a 90-day loan

to one James Culver in the amount of $8,033.81, evidenced by his promissory note. The note contained a guaranty of payment to the extent of $8,000, signed by the appellee, Bernard Richardson. The note was renewed five times on terms which were identical to those of the original note except for changes in the interest rate, the cost of credit life insurance, and, of course, the ultimate due date. The maker, Culver, executed a separate note to the appellant bank on April 29, 1987, evidencing an entirely different loan indebtedness in the amount of $9,110.68. The final renewal note evidencing the original loan was executed on June 26, 1987, and thereafter went into default, prompting the bank to file the present action to collect it. The appellee was joined as a defendant based on his execution of the $8,000 guaranty.

Culver admitted liability, and summary judgment was consequently entered against him. The appellee, however, denied liability, contending that due to certain changes in the interest terms of the original note, a novation had occurred which entitled him to be discharged as surety. Both sides moved for summary judgment on this issue; and, in the same order by which summary judgment was entered against Culver, the trial court granted the appellee's motion and denied the appellant's, concluding that "the granting of additional credit to defendant Culver as particularly evidenced by the new indebtedness of $9,110.68 extended . . . on 4-29-87 was a novation in the amounts owed by the principal Culver." The bank contends on appeal that this conclusion was erroneous because, by the clear language of the guaranty agreement, the appellee had consented in advance to any extension of additional credit to Culver.

The guaranty agreement contained the following pertinent provisions: "The bank may, from time to time, without notice to the undersigned . . . extend or renew for any period (whether or not longer than the original period), alter or exchange any of the liabilities. . . . The creation or existence from time to time of liabilities in excess of the amount to which the right of recovery under this guaranty is hereby authorized, without notice to the undersigned (or any of them), and shall in no way affect or impair this guaranty. . . . No action of the bank permitted hereunder shall in any way impair or affect this guaranty. . . ." (Indention omitted.) *Held*:

" ' "Where, after the execution of a promissory note, a renewal or new note is executed for the same debt, it is the general rule that the second instrument does not of itself operate as a payment, or accord and satisfaction, or novation extinguishing the first note, unless there is an agreement between the parties to that effect. [Cits.] . . ." [Cit.]' [Cit.]" *Remler v. Coastal Bank*, 179 Ga. App. 25, 27 (345 SE2d 79) (1986). "A surety or a guarantor may consent in advance to a course of conduct which would otherwise result in his discharge. [Cits.]"

*Dunlap v. C & S DeKalb Bank*, 134 Ga. App. 893, 896 (4) (216 SE2d 651) (1975). It has consistently been held that provisions authorizing the lender to take certain actions without impairing or affecting the guaranty constitute advance consent to such actions and operate as a waiver of the guarantor's right to seek a discharge based on such actions. See, e.g., *Smith v. Great Southern &c. Bank*, 184 Ga. App. 433 (1) (361 SE2d 847) (1987). It follows from the foregoing authorities that, by the clear language of the guaranty agreement, the appellee in this case was not discharged as a surety by the bank's extension of additional credit to the appellee in the form of another loan. Accord *Dever v. Lee*, 188 Ga. App. 483, 486 (3) (373 SE2d 224) (1988).

Similarly, since the appellee had consented in advance to alterations as well as extensions or renewals of the original indebtedness, the mere renewal of the original note on different interest terms did not operate to discharge him as surety. Accord *Rice v. Ga. R. Bank &c. Co.*, 183 Ga. App. 302 (1) (358 SE2d 882) (1987). Indeed, the record reflects that the interest rate remained the same in the first three renewals and actually decreased in the last two; and the appellee's liability was, in any event, limited to $8,000. Thus, the renewals could not have increased his risk or liability in any way. See generally *Bank of Terrell v. Webb*, 177 Ga. App. 715 (3) (341 SE2d 258) (1986). For these reasons, we hold that the trial court erred in granting the appellee's motion for summary judgment and in denying the appellant bank's motion for summary judgment with respect to the claim on the guaranty agreement.

*Judgment reversed. Birdsong and Beasley, JJ., concur.*

DECIDED JANUARY 24, 1989.

*Bruce A. Reynolds, Jeanette R. Hait*, for appellant.
*Warren W. Hoffman*, for appellee.