A92A0401. DOYAL v. THORNTON.
A92A0405. LESSER et al. v. THORNTON.
(421 SE2d 314)

ANDREWS, Judge.

These two appeals arise out of the same lawsuit, which was based on the following facts. On September 2, 1987, appellee Thornton sold the business entity, Vermillion Bay. Thornton was paid $334,000 at closing and was given a promissory note, signed by the president of Vermillion Bay, for the balance of $334,000. In connection with the note, a security agreement and stock pledge agreement were executed. An assumption agreement which listed Vermillion's outstanding debts, and listed as one of those debts a lease between Vermillion Bay and Gate City Oil Equipment Company, was executed in connection with the sale. In addition to other provisions, the lease provided that, unless exempted, Gate City owned the moveable fixtures and equip-

ment and personal property in the building. There is evidence in the record that appellants in Case No. A92A0405 had guaranteed the lease of March 1987, of which they now claim they were unaware.

Also executed on September 2, 1987 in connection with the sale was a guaranty agreement which provided in part: "[T]he undersigned hereby unconditionally guarantees the payment of that certain Secured Promissory Note . . . and further unconditionally guarantees all extensions or renewals of said Note, and all expenses (including reasonable attorneys' fees) incurred in the collection thereof, the enforcement of rights under any security therefor and the enforcement hereof, and waives presentment, demand, notice of dishonor, protest, and all other notices whatsoever, and agrees that the holder of said Note may from time to time extend or renew said Note for any period (whether or not longer than the original period of said Note) and may grant any releases, compromises, or indulgences with respect to said Note or any extension or renewal thereof or any security therefore or to any party liable thereunder or any security therefore or to any party liable thereunder or hereunder (including, without limitation, failure or refusal to exercise one or more of the rights or remedies provided by said Note), all without notice to or consent of the Undersigned and without affecting the liability of the Undersigned hereunder, who may be sued by the holder hereof with or without joining any of the other endorsers or makers of said Note and without first or contemporaneously suing such other persons, or otherwise seeking or proceeding to collect from them."

The four appellants in these two cases, Doyal, the Lessers and Hitchcock, are four of the eight guarantors who signed the guaranty agreement.

In March 1988, Vermillion Bay defaulted under the terms of the note and Thornton sued the eight signatories to the guaranty agreement. The court granted summary judgment to Thornton and denied Doyal's motion for summary judgment. In Case No. A92A0401, Doyal appeals the order granting summary judgment and the denial of his motion and in Case No. A92A0405, the Lessers and Hitchcock appeal the grant of summary judgment.

### Case No. A92A0401

1. In his first enumeration of error, Doyal claims that the trial court erred in denying his motion for summary judgment since there was a mutual mistake of fact in the formation of the contract. Citing OCGA § 13-5-4, he claims that both he and Thornton misunderstood the ownership of the personal property of Vermillion Bay and were not aware that Thornton rented such property and that this mistake invalidates the guaranty. In the alternative, Doyal argues that if no

mutual mistake in forming the contract existed, then Thornton fraudulently misrepresented the ownership of the fixtures.

First, we find no indication from the record that Thornton fraudulently misrepresented the ownership of the fixtures and any allegations in this connection are meritless.

Doyal's argument that the agreement should be voided because of mutual mistake in making the contract is without merit for several reasons. Under OCGA § 13-5-4, Doyal argues that the personal property was the consideration upon which the guaranty agreement was based and that therefore the contract cannot be enforced. Pretermitting the question of whether Doyal may even raise this defense given the language of the guaranty agreement, see generally *Greene v. Bank of Upson*, 231 Ga. 287 (201 SE2d 463) (1973); *McGarr v. Bank of Pinehurst*, 159 Ga. App. 116 (2) (282 SE2d 739) (1981), this enumeration is without merit because the personal property was not the consideration for this agreement. " 'The contract of suretyship or guaranty is one whereby a person obligates himself to pay the debt of another in consideration of a benefit flowing to the surety or in consideration of credit . . . to his principal. . . .' OCGA § 10-7-1." (Emphasis omitted.) *Virgil v. Kapplin*, 187 Ga. App. 206, 208 (3) (369 SE2d 808) (1988); see generally *Beard v. McDowell*, 174 Ga. App. 793, 795 (331 SE2d 104) (1985).

To the extent that Doyal's contention is based on OCGA § 10-7-3, this argument is also unavailing. While it is true that the undertaking of a surety cannot be extended further than the terms of his contract, the extent of Doyal's obligation never changed and his obligation has not been extended. Compare *Stone v. Palm Pool Prods.*, 198 Ga. App. 751 (403 SE2d 69) (1991).

The trial court did not err in failing to grant Doyal's motion.

2. Doyal's second enumeration of error argues that the trial court erred in not making an explicit "finding of facts"[1] and that in failing to do so the trial court implicitly accepted his version of facts and corresponding conclusions. This argument is without merit. See generally OCGA § 9-11-52; *Fudge v. Colonial Baking Co.*, 186 Ga. App. 582 (1) (367 SE2d 814) (1988).

3. In his third enumeration of error, Doyal claims that the trial court erred in sustaining Thornton's motion for summary judgment since numerous issues of fact remain in the case including fraud, the illegal transfer of title to property to which Thornton had no title and as to whether the assumption agreement was altered subsequent to Doyal signing it. We find no merit in Doyal's arguments.

---

[1] In considering summary judgment, a court does not "find" facts as it would in a bench trial. OCGA § 9-11-56 (c). Instead, it culls from the record what the undisputed material facts are. OCGA § 9-11-56 (c).

The record reflects no factual issues with respect to the clear terms of the guaranty agreement, none of the defenses under OCGA § 11-3-606 apply and the terms of the guaranty agreement control. See generally *Bullard v. Carreras*, 183 Ga. App. 539 (3) (b) (359 SE2d 429) (1987); (*H & H Operations v. West Ga. Nat. Bank*, 181 Ga. App. 766 (1) (353 SE2d 633) (1987)).

4. In his fourth enumeration of error, Doyal claims that the trial court erred in denying his motion for summary judgment on the basis that the contract sued upon was illegal and fraudulent. This enumeration argues that Thornton fraudulently deceived the guarantors regarding the ownership of the property. This argument is not supported by the record. In fact, the record is unclear as to whether Thornton himself was aware of who owned the property. In any case, there was no error in the trial court's denial of Doyal's motion. See generally *Casgar v. C & S Nat. Bank*, 188 Ga. App. 234 (1) (372 SE2d 815) (1988).

To the extent that Doyal makes arguments which are not listed as enumerations of error, such arguments will not be considered.

## Case No. A92A0405

1. Appellants Steven Hitchcock and Bruce and India Lesser's first enumeration of error sets forth arguments identical to Doyal's first enumeration above and is similarly without merit.

2. In their second enumeration appellants argue that the trial court erred in failing to find that Thornton by his guaranty of the lease agreement "pre-impaired" the collateral assigned by Vermillion Bay as security for its September 2, 1987 promissory note. Appellants' reliance on OCGA § 11-3-606 (1) (b) is misplaced. Furthermore, with the defense of impairment of collateral under OCGA § 11-3-606 (1) (b), the burden of proof is on the party claiming the defense, and he must prove it by a preponderance of the evidence. *Bank South v. Jones*, 185 Ga. App. 125 (1) (364 SE2d 281) (1987). There is no evidence that Thornton impaired the collateral in any fashion; the evidence is simply that appellants misunderstood what the collateral was. It is apparent that appellants consented in advance to an impairment of collateral and are estopped to assert the defense of impairment of collateral. *H & H Operations*, supra; *Hunter v. Community Loan &c. Corp.*, 127 Ga. App. 142 (193 SE2d 55) (1972); see also 6 Anderson, Uniform Commercial Code, 3d ed., § 3-606:17, p. 574. Further, there is no evidence that the collateral was impaired subsequent to the agreement.

3. In their third enumeration, citing OCGA § 10-7-3, appellants claim that the trial court erred in extending the guarantors' liability on a promissory note which the guarantors believed was a secured

promissory note when it actually was an unsecured promissory note. Again, as set forth above in enumeration 1, the trial court did not extend the agreement beyond the terms to which the parties contracted and this enumeration is without merit.

4. In their fourth enumeration, appellants claim that issues of fact remained and that the trial court's grant of summary judgment was improper. We disagree and find that the ruling was proper.

*Judgments affirmed in Case Nos. A92A0401 and A92A0405. Birdsong, P. J., and Beasley, J., concur.*

DECIDED JUNE 30, 1992 —
RECONSIDERATION DENIED JULY 21, 1992 — 

*McGee & Oxford, James C. Carr, Jr., Stanley P. Meyerson*, for appellant (case no. A92A0401).

*Jones, Brown, Brennan & Eastwood, Taylor W. Jones, Myles E. Eastwood, David N. Lefkowitz, Simmons, Warren & Szczecko, Joseph Szczecko*, for appellants (case no. A92A0405).

*Driebe & Driebe, Charles J. Driebe, D. Keith Scott, Jr.*, for appellee.