## A95A0641. CITY FOOD MART, INC. et al. v. BELL ATLANTIC TRICON LEASING CORPORATION.

(460 SE2d 525)

ANDREWS, Judge.

Bell Atlantic Tricon Leasing Corporation ("Bell Atlantic") sued City Food Mart, Inc. ("City Food") and Young Nelson for default on a lease of printing equipment. The trial court granted Bell Atlantic's motion for summary judgment. City Food and Nelson appeal.

On December 13, 1991, Young Nelson executed a lease in her capacity as president of City Food Mart for five items of printing equipment. Nelson also executed a personal guaranty of the contract. The printing equipment was delivered to Mr. Kim who operated a print shop in DeKalb County.

Although Kim told Nelson that he would make the payments on the equipment, he did not do so and also refused to release the equipment to Nelson. Nelson made some of the lease payments on the equipment during this time.

In August 1992, Nelson sued Kim in the State Court of DeKalb County to recover the equipment. Kim answered and counterclaimed. Also during August, Bell Atlantic requested that Nelson return the equipment.

Nelson and Kim settled their suit by agreeing that each would dismiss their claims and Kim would allow Bell Atlantic to pick up the printing equipment. In September 1992, Nelson told Bell Atlantic to pick up the equipment from Kim. Nelson also states that she told Bell Atlantic to pick up the equipment and sell it as soon as possible. Bell Atlantic picked up the equipment several months later but did not re-lease or sell it.

Bell Atlantic sued Nelson and City Food for the 37 payments remaining under the 48-month lease. The trial court granted Bell Atlantic's motion for summary judgment and ordered Nelson and City Food to pay $23,547.45 for the amount past due through June 1994, $17,295.14, the present value of the payments falling due after June 1994, $4,305.19 prejudgment interest, $2,072.40 state sales tax, $2,131.61 late charges, $125 property tax, and $6,772.17 attorney fees.

City Food Mart and Young Nelson appealed, bringing the following enumerations of error.

1. In their first enumeration of error, City Food Mart and Nelson contend that the contract was not a lease but rather a security interest which is subject to the requirements of Article 9 of the Uniform Commercial Code. They argue that Bell Atlantic was not in the business of leasing this type of equipment, although nowhere in the record is there any evidence to support this assertion. Further, appellants contend that because the contract obligated the lessee to pay for all taxes, insurance, and expenses of repairs and allowed Bell Atlantic

to retain the equipment after it was returned, it was in reality a security agreement and not a lease.

"The prime essential distinction between a lease and a conditional sale is that in a lease the lessee never owns the property." *First Nat. Bank of Cobb County v. Atlanta Classic Cars*, 184 Ga. App. 784, 786 (363 SE2d 16) (1987) (quoting *Ford v. Rollins Protective Svcs. Co.*, 171 Ga. App. 882, 884 (322 SE2d 62) (1984)). "In the absence of a right or option in the lessee to acquire ownership of the leased property, the transaction is one of lease." *Ford*, supra at 884 (quoting *In re Atlanta Times*, 259 FSupp. 820, 827 (N.D. Ga. 1966), aff'd sub nom. *Sanders v. Nat. Acceptance Co.*, 383 F2d 606 (5th Cir. 1967)).

There is no evidence in the record and City Food and Nelson do not contend that there was any agreement or intent on the part of either party that they would purchase the printing equipment. Therefore, we find this enumeration of error to be without merit.

2. Next, City Food and Nelson claim that the measure of damages applied by the trial court resulted in the enforcement of a penalty. Appellants state that the factor which makes the charges a penalty is the fact that Bell Atlantic retained the equipment and failed to re-lease or sell it. But, the lease specifically states that the lessor is not obligated to sell the equipment in the event the lessee defaults. When the lease specifically provides that the lessor is under no obligation to sell or re-lease the equipment, the parties' conduct is governed by the terms of the lease and Bell Atlantic was not required to mitigate its damages by selling or re-leasing the equipment. See *Citicorp Indus. Credit v. Rountree*, 185 Ga. App. 417, 421 (364 SE2d 65) (1987).

Also, the award of attorney fees, sales tax and property tax was for actual damages incurred and, therefore, does not constitute a penalty. These were charges paid by Bell Atlantic for which appellants agreed, in paragraph 9 of the lease, to be responsible.

3. Third, City Food and Nelson argue that the trial court erred in granting summary judgment when Bell Atlantic failed to pierce their defenses of waiver, estoppel and usury. They claim that Bell Atlantic's statement that the equipment would be picked up immediately when in fact the equipment was not picked up until several months later and was not sold or re-let, amounts to promissory estoppel or waiver. But, appellants do not contend, and the record does not show, that Bell Atlantic promised them that it would sell or re-lease the equipment. Further, as previously discussed, the lease specifically provided that Bell Atlantic was under no obligation to sell or re-lease the equipment.

Appellants' claim of usury is also without merit. Bell Atlantic paid over $40,000 for the equipment and the lease provided for total payments over four years in the amount of $53,848.80. Therefore, the

lease itself was not usurious. Neither was the lease used as a means of collecting usurious interest in the event of default. As previously discussed, the portion of the award for sales tax, property tax and attorney fees was for actual damages and, therefore, not a penalty. Also, as previously discussed, Bell Atlantic was not required to mitigate its damages and was entitled to retain the equipment without selling or re-leasing it.

4. Next, appellants claim that by not promptly re-taking the equipment and selling or re-leasing it, Bell Atlantic unreasonably impaired the collateral, thus releasing Nelson from her guaranty. Even assuming, arguendo, that the equipment was collateral, Nelson waived her right to liquidation in satisfaction of any damages. Paragraph 8 of the lease provides that lease payments are to be made regardless of any damage or loss to the equipment. When consent is given in advance to impairment of the collateral, no consideration is required and the consenting party waives the right to claim his own discharge. *Griswold v. Whetsell*, 157 Ga. App. 800, 803 (278 SE2d 753) (1981).

5. Last, appellants claim that there was an ambiguity in the terms of the contract in that the number of months in the term of the lease agreement is not legible. However, the lease signed by Young Nelson clearly shows that there will be 48 monthly payments of $1,121.85. This enumeration of error is without merit.

For the reasons outlined above, the trial court did not err in granting Bell's motion for summary judgment.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED JUNE 27, 1995 —
RECONSIDERATION DENIED JULY 20, 1995 — 

*Smith, White, Sharma & Halpern, Furman Smith, Jr.,* for appellants.

*Lamberth, Bonapfel, Cifelli, Willson & Stokes, Gary D. Stokes, Stuart F. Clayton, Jr.,* for appellee.