47011. CONTINENTAL OIL COMPANY AGRICO CHEMICAL COMPANY DIVISION v. SUTTON.

CLARK, Judge. This appeal is from a denial of plaintiff's motion for summary judgment in a declaratory judgment action which was certified for review.

Sutton was the purchaser from Small Business Administration at a foreclosure sale of assets pledged by Pedrick Farm Center, Inc. The parties stipulated Pedrick Farm Center, Inc., had executed a valid financing statement dated January 10, 1966, to the First National Bank of Albany which covered "all equipment, inventory of debtor of every description, whether or not hereafter existing or acquired" and there was filed in the superior court clerk's office on December 22, 1970, a continuation statement showing assignment of the security interests

from the First National Bank of Albany to the Small Business Administration.

Appellant contends it has priority over Sutton as to specified items purportedly conveyed to him at the SBA sale by virtue of "purchase money interest"[1] represented by three financing statements dated respectively, September 29, 1967, April 19, 1968, and April 22, 1969, with accompanying security agreements.

Presented for determination are two questions: 1. Does a declaratory judgment action lie? 2. Was the trial judge correct in ruling there are genuine issues of material fact that require denial of plaintiff's motion for summary judgment? *Held:*

---

[1] Purchase money security interests are of course available to "sellers," but not to them alone. One who is a "lender," as was the Citizens & Southern National Bank in this case, assigning its rights to appellant, may acquire a purchase money security interest in collateral to be purchased with the proceeds of a loan provided the proceeds are in fact so used. *Code Ann.* § 109A-9—107 (b). "A purchase money security interest in collateral other than inventory *has priority* over a conflicting security interest in the same collateral *if* the purchase money security interest *is perfected* at the time the debtor receives possession of the collateral or within 10 days thereafter." (Emphasis supplied.) *Code Ann.* § 109A-9—312 (4).

Regarding "perfection," a security interest is perfected when it has attached ("attachment" occurs when the parties have *agreed* on their contract, *value* is given, and the debtor acquires *rights* in the collateral (*Code Ann.* § 109A-9—204 (1)) *and* when all the applicable steps required for perfection have been taken (which in the case of a purchase money security interest in equipment requires the *filing* of a financing statement (*Code Ann.* § 109A-9—312 (4)) in order to acquire a priority status over previously filed security interests which assert security in all after-acquired-property of the debtor. *Code Ann.* § 109A-9—303 (1).

1. The action was brought to settle claims to certain items of personalty and fixtures presently located on the premises of the Pedrick Farm Center, Inc. In view of the allegations that there are conflicting claims to the property and the further allegations that defendant has threatened to come upon the Pedrick premises and remove the property, which threat if accomplished would cause irreparable damage to plaintiff, but also which, if resisted, might result in a breach of the peace and injury to persons and property, we are of the opinion an actual controversy and justiciable dispute exists between the parties for which declaratory relief may be granted. *Calvary &c. Baptist Church v. City of Rome*, 208 Ga. 312, 314 (66 SE2d 726); *State Hwy. Dept. v. C. F. Williams Lumber Co.*, 222 Ga. 23 (1) (148 SE2d 426); *Code Ann.* § 110-1101.

2. The record on appeal shows a number of questions of fact that are in issue. To select as illustrative of the correctness of the trial judge's ruling to this effect we mention the following:

(a) Were the financing statements of September 29, 1967, and April 19, 1968, signed by both the debtor and the secured party in compliance with *Code Ann.* § 109A-9—402 (1)? (Exhibits A and D which are the financing statements of September 29, 1967, and April 19, 198, fail to show any signatures.)

(b) Were some of the items (e.g., an air conditioner) fixtures and therefore could not be claimed by plaintiff in the absence of a description of the realty to meet the terms of *Code Ann.* § 109A-9—402 (1)? (It should be noted that paragraph 3 of the declaratory judgment petition describes the claimed property as "personalty and fixtures.")

(c) Did appellant know of the SBA foreclosure sale while permitting Sutton to bid so as to be precluded from now making its claims because it "stood idly by to allow the sale to continue" as is contended by appellee? (The pleadings raise this point which is not rebutted by the submitted affidavit.)

"On motion for summary judgment the court is not authorized to try and resolve issues of fact; the function of the court, and its only authorized function under this procedure, is to determine the existence of a genuine issue of material fact. *Code Ann.* § 110-1203; *Bagley v. Firestone Tire &c. Co.,* 104 Ga. App. 736, 739 (123 SE2d 179); Dewey v. Clark, 180 F2d 766, 772." *Watkins v. Nationwide &c. Ins. Co.,* 113 Ga. App. 801, 802 (149 SE2d 749). *Judgment affirmed. Eberhardt, P. J., and Deen, J., concur.* ARGUED MARCH 9, 1972—DECIDED APRIL 13, 1972.

*Tillman, Brice, McTier & Coleman, John T. McTier, George T. Talley,* for appellant.

*Walker, Yancey & Gupton, Reuben H. Yancey,* for appellee.