## 52438. CITIZENS & SOUTHERN NATIONAL BANK v. SCHEIDER.

WEBB, Judge.

The stipulated facts, succinctly stated, are that Michael L. Furman executed to Citizens & Southern National Bank, Savannah, on December 19, 1972, a promissory note for $4,221.18 payable in 30 monthly instalments of $167.70 each, resulting in an annual percentage rate of 11.11. A guaranty of payment was executed by Charles E. Scheider, who thereby "unconditionally guarantee[d] the payment of the note on the reverse side . . . and all extensions or renewals thereof . . . and agree[d] that the holder . . . may from time to time extend or renew said note . . . and may grant any releases, compromises or indulgences . . . all without notice to or consent . . . of the undersigned and without affecting the

liability of the undersigned hereunder . . ."

Two years later, on December 18, 1974, Furman executed a renewal of the note in the principal of $1,328.29 payable in 15 monthly instalments of $100.72 (being lower principal and lower payments than on the original note, and extending the time of the payment nine months), resulting in an annual percentage rate of 17.06. Scheider did not execute a separate guaranty of payment of this renewal.

In March of 1975 Furman went into voluntary bankruptcy. After notice, the bank brought its complaint against Scheider on both notes for the amount due under the renewal note, plus attorney fees. The trial court rendered judgment for the defendant Scheider and against the bank, holding that the increase in interest without Scheider's consent relieved him from the obligation on the note.

"A surety or guarantor may consent in advance to a course of conduct which would otherwise result in his discharge. See *Twisdale v. Georgia R. Bank &c. Co.,* 129 Ga. App. 18 (198 SE2d 396); *Reeves v. Hunnicutt,* 119 Ga. App. 806 (168 SE2d 663). And see, Simpson, Handbook on the Law of Suretyship, § 72, p. 343 (1950), wherein the author notes, 'Whenever the surety expressly consents in advance to the change that is subsequently made, it is clear that he should not be discharged. It may then correctly be said that he promises with reference to the new agreement, and is as much a party to it as if he had assented to it at the time it was made.' This is precisely the course defendant pursued." *Dunlap v. C. & S. DeKalb Bank,* 134 Ga. App. 893, 896 (4) (216 SE2d 651).

Here Scheider unconditionally guaranteed payment of the note, all extensions or renewals thereof, and agreed that the bank, without notifying him or getting his consent, might extend or renew the note without affecting his liability.

The new note was given for an existing indebtedness from the same principal to the same payee. "A new note given in lieu of an existing note between the same parties and for the same indebtedness, even at a higher rate of interest and due at a later date, is not given for a new consideration, and therefore does not constitute a

novation." *Ga. Nat. Bank v. Fry,* 32 Ga. App. 695 (1) (124 SE 542); *Brooks v. Jackins,* 38 Ga. App. 57 (1) (142 SE 574). See also *Motor Contract Division of Trusco Finance Co. v. Southern Cotton Oil Co.,* 76 Ga. App. 199, 202 (45 SE2d 291) and Northwest Acceptance Corp. v. Heinicke Instruments Co., 441 F2d 887, 892 (5th CCA, 1971).

We hold that the trial court was in error.

*Judgment reversed. Deen, P. J., and Quillian, J., concur.*

ARGUED JULY 15, 1976 — DECIDED SEPTEMBER 7, 1976.

*Lawton & Karpf, Spencer Lawton, Jr.,* for appellant.
*David W. Sims,* for appellee.