**FIRST NATIONAL BANK & TRUST COMPANY, Plaintiff-Appellee,**

v.

**Joseph Robert DANIEL, Defendant-Appellant.**

**No. 82–8176**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

March 21, 1983.

L.Z. Dozier, Macon, Ga., for defendant-appellant.

Arthur L. Phillips, Macon, Ga., for plaintiff-appellee.

Before RONEY and CLARK, Circuit Judges, and GIBSON *, Senior Circuit Judge.

PER CURIAM:

By a security agreement dated March 29, 1978, appellant Daniel conveyed a boat and boat trailer to First National Bank and Trust Company in Macon, Georgia, as collateral for a promissory note, dated January 30, 1978, in the amount of $9,000. By another security agreement dated May 19, 1978, appellant conveyed office equipment, furnishings, and law books to the bank as collateral for an $8,000 note, dated May 1, 1978, and due 91 days thereafter. On August 28, 1980, appellant and the bank executed a 48-month installment note in the principal amount of $14,196.43. This note represented no fresh advance and was collateralized with the same property conveyed in the security agreements dated March 29, 1978, and May 19, 1978.

* Honorable Floyd R. Gibson, U.S. Circuit Judge    for the Eighth Circuit, sitting by designation.

142

The issue in this case is whether the appellant debtor may avoid the fixing of the bank's lien on his office equipment, furnishings, and law books under section 522(f) of the Bankruptcy Reform Act of 1978. 11 U.S.C.A. sec. 522(f) (1979).

If the relevant note postdated the Act's effective date, October 7, 1979, the debtor would have this power. However, the district court correctly concluded that the note dated August 28, 1980, did not constitute a novation of the note dated May 1, 1978, which accompanied the security agreement covering appellant's professional books and equipment. "A simple contract regarding the same matter and on no new consideration, does not destroy another between the same parties . . ." Ga.Code Ann. sec. 20–115 (1977). "A new note given in lieu of an existing note between the same parties and for the same indebtedness, even at a higher rate of interest and due at a later date, is not given for a new consideration, and, therefore, does not constitute a novation." *Citizens & Southern National Bank v. C.E. Scheider,* 139 Ga.App. 475, 228 S.E.2d 611 (1976); *Northwest Acceptance Corp. v. Heinecke Instruments Co.,* 441 F.2d 887, 892 (5th Cir.1971). Therefore, although the note dated August 28, 1980, did extend the debtor's repayment period, it did not constitute a novation; rather, it was merely a renewal and consolidation of the two notes dated January 30, 1978, and May 1, 1978. *See King v. Edel,* 69 Ga.App. 607, 26 S.E.2d 365 (1943).

The Supreme Court has recently concluded that section 522(f) is not retroactive from November 6, 1978, its date of enactment. *United States v. Security Industrial Bank,* —— U.S. ——, 103 S.Ct. 407, 74 L.Ed.2d 235 (1982). Thus, the appellant debtor cannot avoid the bank's lien created in 1978.

AFFIRMED.