In re Steven **GAYHART** and Nancy Gayhart, Debtors.

Steven **GAYHART** and Nancy Gayhart, Plaintiffs,

v.

BENEFICIAL FINANCE CO. OF ILLINOIS, INC., Defendant.

Bankruptcy No. 82–A–03347.
Adv. No. 82–A–03347.

United States Bankruptcy Court, N.D. Illinois, E.D.

Oct. 7, 1983.

John C. Renzi, Park Forest, Ill., for plaintiffs.

Robert Morel Gray, Joliet, Ill., for defendant.

## MEMORANDUM OPINION

RICHARD N. DeGUNTHER, Bankruptcy Judge.

This case comes before the Court on the Complaint to Avoid a Lien filed by the Debtors, Steven and Nancy Gayhart. The question here is whether entering into a refinancing agreement will cause security to lose its purchase-money character for purposes of lien avoidance under 11 U.S.C. Section 522(f)(2). Although this question has previously been addressed by numerous courts, disagreement still exists as to the appropriate resolution.

In short, the refinancing of an existing debt may be viewed as merely a renewal of the original obligation or as a novation. Where the latter has been found to exist, the purchase-money character of the securi-

ty is deemed destroyed.[1] A renewal, meanwhile, allows the purchase-money character of the security to survive.

In delineating between a novation and a renewal, the courts have focused on the degree to which the original obligation of the debtor has changed and, to some extent, on any additional consideration which was conveyed by the debtor to the creditor.

It is at this point that the divergence of opinion occurs. The majority of courts have required that a greater degree of change in obligation and/or increase in consideration is required for a novation to exist. Whereas, those adhering to the so-called "Transformation Rule" have held that if an item secures any debt beyond its own cost the purchase-money character of the item is automatically transformed into one of the non-purchase-money variety.

An example of the operation of the Transformation Rule is found in *In re King*,[2] where the court held that refinancing a debt, coupled with an extension of additional credit, terminated a purchase-money security interest. The court in *King* cited the Georgia Supreme Court for the proposition that:

"If the obligation changes, there can be no renewal because there can be no such thing as the re-establishment of an old obligation by the creation of a new obligation different in character."[3]

The opposite rule, in one of its varying manifestations, is demonstrated by the court in *In re Russell*.[4] In *Russell*, the refinanced debt included both the balance due on the earlier note plus an additional cash advance. Unlike the result under the Transformation Rule, the purchase-money character of the security remained intact after the refinancing. As the court in *Russell* stated:

"Though in form the original note is cancelled, its balance is absorbed into the refinancing loan. To the extent of that balance the purchase money security interest taken under the original note likewise survives because what is owed on the original note is not eliminated, it is merely transferred to, and increased in amount by, another obligation. The refinancing changes the character of neither the balance due under the first loan nor the security interest taken under it."[5]

In imparting this dual-personality upon the security, the *Russell* court emphasized that:

"Looking at whether the original value has in fact been 'paid' should be a distinguishing factor."[6]

Although this Court is not prepared to completely reject the Transformation Rule, under all circumstances, it is clear that a strict application of this rule in every case would work unintended and inequitable results. This can be seen in cases such as this, where the only added obligation incurred by the debtors is an increased interest rate, and the only added burden on the creditors is an extended payment period. These

---

1. Section 9–107 of the Illinois Commercial Code provides that:

   "A security interest is a 'purchase money interest' to the extent that it is

   (a) taken or retained by the seller of the collateral to secure all or part of its price; or

   (b) taken by a person who by making advances or incurring an obligation gives value to enable the debtor to acquire rights in or the use of collateral if such value is in fact so used."

   Comment 2 to Section 9–107 states that:

   "When a purchase money interest is claimed by a secured party who is not a seller, he must of course have given present consideration. This section therefore provides that the purchase money party must be one who gives value "by making advances or incurring an obligation": the quoted language ex-

cludes from the purchase money category any security interest taken as security for or in satisfaction of a pre-existing claim or antecedent debt."

2. 19 B.R. 409 (Bkrtcy.M.D.Ga.1982). Applying a statute identical to Section 9–107 of the Illinois Commercial Code.

3. Id. at 412 [citing from *Lowry National Bank v. Fickett*, 122 Ga. 489, 492, 50 S.E. 396 (1905)].

4. 29 B.R. 270 (Bkrtcy.W.D.Okl.1983).

5. Id. at 273.

6. Id. at 274 [citing from *In re Slay*, 8 B.R. 355 (Bkrtcy.E.D.Tenn.1980)].

changes, as here, generally result in reduced monthly payments for the debtors. It seems ironic that a strict application of the Transformation Rule would result in an act in the nature of a favor by the creditor costing that creditor his purchase-money security interest in his collateral. Strictly applying the Transformation Rule would yield the undesirable result of discouraging creditors from refinancing consumer loans.

This Court finds that the refinancing in this case was merely a renewal, and not a novation. The purchase-money character of the Creditor's security therefore remains intact. This is in accord with the position taken by the Eleventh Circuit Court of Appeals in *First National Bank & Trust Company v. Daniel.*[7]

In *Daniel,* as here, the refinanced note represented "no fresh advance," and was secured by the same property as was the original finance agreement. This Court is in agreement with the *Daniel* court that:

"A new note given in lieu of an existing note between the same parties and for the same indebtedness, even at a higher rate of interest and due at a later date, is not given for a new consideration, and, therefore, does not constitute a novation." [8]

It should be noted, though, that this Court has reservations about the dual-personality rule utilized in *Russell,* and does not go so far as to require that result under all circumstances.

The Court holds, therefore, that Beneficial Finance Co. has a purchase-money security interest, and that the Debtors Complaint to Avoid Lien should be denied. Any further hearings on this matter, if required, shall be set upon request of counsel. An Order in accordance with this Memorandum Opinion is filed herewith.

---

**7.** 701 F.2d 141 (11th Cir.1983).

**8.** Id. at 142 [citing from *Citizens & Southern National Bank v. Scheider,* 139 Ga.App. 475, 228 S.E.2d 611 (1976); and *Northwest Acceptance Corp. v. Heinicke Instruments Co.,* 441 F.2d 887, 892 (5th Cir.1971) ].