**In re Russell Fred BILLINGS and Julia Darlene Billings, Debtors.**

**Russell Fred BILLINGS and Julia Darlene Billings, Appellants,**

v.

**AVCO COLORADO INDUSTRIAL BANK, Appellee.**

Civ. A. No. 86–A–1078.
Bankruptcy No. 85 B 6519 C.

United States District Court, D. Colorado.

Aug. 18, 1986.

Edward I. Cohen, Denver, Colo., for debtors and appellants.

Richard D. Torpy, Torpy & Farrell, Englewood, Colo., for appellee.

## MEMORANDUM OPINION AND ORDER

ARRAJ, District Judge.

This matter is before the Court on an appeal from a decision of the United States Bankruptcy Court for the District of Colorado, Patricia A. Clark, Judge, denying Appellants' motion to avoid a lien pursuant to 11 U.S.C. § 522(f), and denying confirmation of Appellants' Chapter 13 plan. The sole determinative issue is whether the refinancing of Appellants' obligation under a previous transaction creating a purchase money security interest destroyed the purchase money character of that interest, thereby subjecting it to avoidance under § 522(f).

## BACKGROUND

On July 14, 1984, the Appellants (Debtors) purchased certain household goods on credit from Factory Outlet Store. These purchases were secured by a purchase money security interest.

This obligation was subsequently assigned to Avco Colorado Industrial Bank (Avco), the respondent. On May 29, 1985, at Appellants' request, Avco refinanced the obligation under the prior transaction so that the monthly installments owed to Avco would be smaller in amount.

Under the refinancing arrangement the old note and security agreement were cancelled and a new note and security agreement were executed. On the back of the loan application, Avco stated that it was to keep the purchase money security interest. No additional collateral was taken as security, and except for $9.67, no additional sums of money were paid to the Appellants.

This refinancing arrangement lowered the Appellants' monthly payments from $105.50 per month to $58.00 per month. The Appellants made one payment under the new arrangement, then filed a Chapter 13 Bankruptcy on October 29, 1985.

The Appellants also filed a motion to avoid Avco's lien on the above-mentioned household goods pursuant to 11 U.S.C. § 522(f). As grounds for avoidance, the Appellants urged the Bankruptcy Court to adopt the Transformation Rule of *Matthews v. Transamerica Financial Services (In re Matthews)*, 724 F.2d 798 (9th Cir. 1984), which held that refinancing by paying off the old loan and extending a new one extinguishes the loan's purchase money character, thereby subjecting it to avoidance under § 522(f). Avco filed an objec-

tion to the avoidance of the lien on the basis that Appellant's household goods were still secured by a purchase money security agreement and therefore their lien could not be avoided under § 522(f). Avco also contended that since the lien could not be avoided, and since the plan did not deal with its secured claim, under 11 U.S.C. § 1325(a)(5)(B) the plan could not be confirmed.

A hearing on this matter was held in the United States Bankruptcy Court for the District of Colorado on January 30, 1986. At the conclusion of this hearing, Bankruptcy Judge Patricia A. Clark rejected application of the "Transformation Rule" in favor of determining the purchase money character of the transaction from all the surrounding circumstances, including the intent of the parties. Judge Clark then found that Appellants had not satisfied their burden of establishing that the parties intended the subsequent note to extinguish the original debt and purchase money security interest. Therefore, Judge Clark denied the motion to avoid the lien pursuant to § 522(f), and denied confirmation of Appellants' Chapter 13 plan. Appellants then filed this appeal.

## DISCUSSION

■ The standard of review at the District Court level is whether the findings of the Bankruptcy Judge are clearly erroneous. *White House Decorating Company, Inc., v. Eckles (In re White House Decorating Company, Inc.)* 607 F.2d 907, 910 (10th Cir.1979). For the reasons set forth below, this Court holds that the findings of the Bankruptcy Judge are not clearly erroneous, and therefore affirms the order of the Bankruptcy Court.

Appellants' contention is that the refinancing should have the effect of destroying the purchase money character of Avco's security interest, thereby subjecting it to avoidance under § 522(f). Although this question has previously been addressed by several courts, disagreement still exists as to the appropriate resolution. *See Matthews v. Transamerica Financial*

*Services (In re Matthews)*, 724 F.2d 798 (9th Cir.1984); (adopting the "Transformation Rule:" that refinancing by paying off the old loan and extending a new one extinguishes its purchase money character); *In re Stevens*, 24 B.R. 536 (Bkrtcy.D.Colo. 1982); (adopting the rule that the purchase money character is to be determined from all the surrounding circumstances). This issue has never been decided by the 10th Circuit.

■ Once purchase money status is lost, a consumer debtor in bankruptcy may be able to avoid the security interest under 11 U.S.C. § 522(f), which states:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; or

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

The legislative history of § 522(f) indicates its purpose:

Frequently, creditors lending money to a consumer debtor take a security interest in all of the debtor's belongings, and obtain a waiver by the debtor of his exemptions. In most of these cases, the debtor is unaware of the consequences of the form he signs.

\* \* \* \* \* \*

The exemption provision allows the debtor, after bankruptcy has been filed ... to undo the consequences of a contract of adhesion, signed in ignorance, by permitting the invalidation of nonpurchase money security interests in household goods. Such security interests have too often been used by over-reaching creditors.

The bill eliminates any unfair advantage creditors have.

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 127 (1977), U.S.Code Cong. and Admin. News 1978, pp. 5787, 6088. Clearly, Congress enacted § 522(f) to allow the consumer debtor to avoid security interests in their *already owned,* used household goods. *In re Gibson,* 16 B.R. 257, 266 (Bkrtcy.D.Kan. 1981). Congress did not intend a debtor to avoid a lien which he granted in order to purchase the property in the first instance. *In re Russell,* 29 B.R. 270, 274 (Bkrtcy.W. D.Okla.1983); *In re Moore,* 33 B.R. 72, 74 (Bkrtcy.D.Ore.1983).

■ The Bankruptcy Act does not define "purchase money security interest." Therefore, the Court must look to Colorado law. *Pristas v. Landaus of Plymouth, Inc.,* 742 F.2d 797, 800 (3rd Cir.1984). Colo.Rev.Stat. § 4-9-107 (1973) defines purchase money security interest as follows:

A security interest is a "purchase money security interest" *to the extent* that it is:

(a) taken or retained by the seller of the collateral to secure all or part of its price; or

(b) taken by a person who by making advances or incurring an obligation gives value to enable the debtor to acquire rights in or the use of collateral if such value is in fact so used. (Emphasis added).

Those cases which have adopted the "Transformation Rule" have done so based on an interpretation of Uniform Commercial Code Comment 2 to § 9-107. In Colorado this Comment provides:

When a purchase money interest is claimed by a secured party who is not a seller, he must of course have given present consideration. This Section therefore provides that the purchase money party must be one who gives value "by making advances or incurring an obligation": the quoted language excludes from the purchase money category any security interest taken as security for or in satisfaction of a pre-existing claim or antecedent debt.

These cases have held that Comment 2 implies the exclusion from the purchase money category of any security interest which secures more than the collateral's own price.

This Court does not read Comment 2 as substantially altering § 9-107, which does not require that an item secure only its purchase price. *In re Stevens,* 24 B.R. 536, 538 (Bkrtcy.D.Colo.1982). The only way "to the extent" can be given meaning is to find that a secured debt may be split into two parts, a purchase money part constituting so much of the debt as represents the price of the collateral, and a nonpurchase money part constituting the "add on" debt. *In re Russell, supra* at 273; *In re Gibson, supra* at 267.

■ The "Transformation Rule" is misguided because it fails to consider the import of the critical language of § 9-107— "to the extent." By overlooking that phrase, these cases adopt an unduly narrow view of the purchase money security device. Their reasoning is inconsistent with the Commercial Code, which gives favored treatment to purchase money security interests on the theory that they are beneficial to both buyers and sellers. *Pristas v. Landaus of Plymouth, Inc.,* 742 F.2d 797, 801 (3rd Cir.1984).

This Court agrees with the Bankruptcy Court that application of the "Transformation Rule" to this case would work unintended and inequitable results. Here, the only added obligation incurred by the Appellants is an increased interest rate, and the only added burden on Avco is an extended payment period. The Bankruptcy Judge found that these changes were intended only to reduce the monthly payments, and were solely for the convenience of the Appellants. Application of the rule would therefore result in an act in the nature of a favor by the creditor costing that creditor his purchase money security interest in his collateral. Indeed, applying this rule would yield the undesirable result of discouraging creditors from refinancing consumer loans. *In re Gayhart,* 33 B.R. 699, 701 (Bkrtcy.N.D.Ill.1983).

Therefore, this Court affirms the Bankruptcy Court's rejection of the "Transformation Rule," and its decision to look to all the facts of this particular transaction to determine whether the purchase money character of the transaction has been retained. *In re Stevens, supra* at 538. This approach is consistent with the Uniform Commercial Code, and avoids the improper use of § 522(f) by consumer debtors to avoid purchase money liens. *See In re Gibson, supra* at 266.

■ In the present case, the Bankruptcy Judge found no evidence that the parties intended the May 29, 1985, note to be a payment, satisfaction, or discharge of the debt evidenced by the note of July 14, 1985. Such an agreement, if one existed, would have effected a novation wherein the original debt was extinguished and a new note taken in substitution. *In re Holland,* 16 B.R. 83, 88 (Bkrtcy.N.D.Ohio 1981).

A new note given in lieu of an existing note between the same parties and for the same indebtedness, even at a higher rate of interest and due at a later date, is not given for a new consideration, and, therefore, does not constitute a novation.

*First National Bank and Trust Company v. Daniel,* 701 F.2d 141, 142 (11th Cir.1983) [ (*quoting Citizens & Southern National Bank v. Scheider,* 139 Ga.App. 475, 228 S.E.2d 611 (1976) ].

As the Bankruptcy Judge found, to accept the Appellants' contention that the refinancing constituted a new and distinct loan would be to ignore the substance of the refinancing transaction. Though in form the original note was cancelled, its entire balance was absorbed into the refinancing loan. To the extent of that balance, the purchase money security interest also survives, because what is owed under the original note is not cancelled, but merely transferred to, the new note. Consequently, the refinancing changes neither the character of the balance due under the first loan nor the security interest taken under it. *In re Russell, supra.*

Therefore, the Court holds that the Bankruptcy Court's finding that Avco has a purchase money security interest in the collateral to the extent of the balance owed on the original note of $1,087.58, less $58.00 for the one payment made under the new note, for a total of $1,029.58, is not clearly erroneous. The Court further finds that the Bankruptcy Court's decision not to confirm the Appellants' Chapter 13 plan is not clearly erroneous.

Accordingly, it is

ORDERED that the order entered by Bankruptcy Judge Clark on February 10, 1986, is AFFIRMED.