In re Earnest Wayne BROOKS, Debtor.

Earnest Wayne BROOKS, Movant,

v.

FIRST FRANKLIN FINANCIAL CORP., Respondent.

Bankruptcy No. G86–20494.

United States Bankruptcy Court,
N.D. Georgia,
Gainesville Division.

June 2, 1987.

Troy R. Millikan, Gainesville, Ga., for debtor/movant.

Jerry R. Neal, Lavonia, Ga., for respondent.

## ORDER

STACEY W. COTTON, Bankruptcy Judge.

Presently before the court is debtor's motion to avoid lien of First Franklin Financial Corporation, ("First Franklin"), pursuant to 11 U.S.C. Section 522(f). The court entered an order on March 5, 1987, in which this motion was granted due to the default of First Franklin in failing to file a response. The court concludes that this order was inadvertently entered because First Franklin had filed a response on February 20, 1987 which had not been placed in the court file at the time the order was entered. For this reason the court's Order of March 5, 1987 is hereby VACATED and SET ASIDE, and the court will now address the merits of the motion.

Based on a hearing held on this matter, and on the briefs submitted by counsel, findings of fact and conclusions of law are as follows in accordance with Bankruptcy Rule 7052.

## FINDINGS OF FACT

Debtor executed four separate purchase money note obligations and security agreements with Murray's T.V. and Appliance, ("Murray's T.V."), for the purchase of several items of personal property. Murray's T.V. later assigned these notes and security agreements, by separate assignment, to First Franklin. Since this transfer occurred, there have been no modifications,

renewals or extensions of credit by First Franklin to debtor concerning these notes.

## CONCLUSIONS OF LAW

First Franklin contends that the security interest at issue is a purchase money security interest and thus not susceptible to the lien avoidance provision of 11 U.S.C. Section 522(f)(2). The issue presented is whether a transfer and assignment of a purchase money note and security agreement to a third party destroys the purchase money character of that security interest. In the brief and letter submitted by counsel, no case authority is set forth on this question although counsel for debtor did present a copy of a summary of an unreported case with his letter to the court.

■ The question of the purchase money character of a security interest must be determined according to state law as it is not defined by the Bankruptcy Code. *See, e.g., Roberts Furniture Co. v. Pierce (In re Manuel)*, 507 F.2d 990, 992 (5th Cir. 1975); *Billings v. Avco Colorado Industrial Bank (In re Billings)*, 63 B.R. 717, 720 (D.Colo.1986). Georgia law, in O.C.G.A. Section 11-9-107, defines this interest as follows:

A security interest is a "purchase money security interest" to the extent that it is:

(a) Taken or retained by the seller of the collateral to secure all or part of its price; or

(b) Taken by a person who by making advances or incurring an obligation gives value to enable the debtor to acquire rights in or the use of collateral if such value is in fact so used.

Pursuant to this Georgia statute a lender may also acquire a purchase money security interest in collateral although that party does not actually sell the property serving as its collateral. *See, e.g., United States v. Hooks (In re Hooks)*, 40 B.R. 715, 720 (Bankr.M.D.Ga.1984), citing *Continental Oil Co. v. Sutton*, 126 Ga.App. 78, 189 S.E.2d 925 (1972).

■ In the present case a third party has acquired a purchase money security interest not through lending funds to enable a debtor to purchase property but by assignment from a seller who created the interest. The Georgia Court of Appeals, in *Sutton*, though not directly addressing the question of assignability of a purchase money interest, implicitly approved it concluding as follows:

Purchase money security interests are of course available to "sellers," but not to them alone. One who is a "lender," ... [as was the bank in that case] assigning its rights to appellant, may acquire a purchase money security interest in collateral to be purchased with the proceeds of a loan provided the proceeds are in fact so used.

126 Ga.App. at 79 n. 1, 189 S.E.2d at 926. *See also Westinghouse Credit Corp. v. Chapman*, 129 Ga.App. 830, 201 S.E.2d 686 (1973) (assignee of purchase money security interest could enforce obligation and waiver of defenses). In the present case Murray's T.V., the seller, allowed debtor to purchase the property in question by taking a security interest in the property for the purchase price. Murray's T.V. then assigned the promissory notes and security agreements to First Franklin for valuable and present consideration. Consequently First Franklin became the holder of debtor's purchase money obligation. The fact of an assignment of this interest did not operate in and of itself to change the nature of the interest but only its legal holder. In the case of *King's Appliance & Electronics, Inc. v. Citizens & Southern Bank of Dublin*, 157 Ga.App. 857, 858, 278 S.E.2d 733 (1981), the Court of Appeals recognized that an assignee of a purchase money security interest, claiming the rights of that interest as a holder in due course, was entitled to assert priority of that interest as such, in accordance with the notification requirements of Section 11-9-312(3). *Id.* at 860-61, 278 S.E.2d 733.

Debtor's argument that this case is analogous to the situation in which a refinancing of the obligation occurs, thus destroying its purchase money character, is without merit. In those cases, courts have held that the purchase money nature of the obligation was destroyed as a result of the prohibition in U.C.C. Section 9-107, Official

Comment 2, that the security interest in the property so purchased be taken "as security for or in satisfaction of a preexisting claim or antecedent debt." *See Fickey v. Bank of LaFayette (In re Fickey)*, 23 B.R. 586, 589–90 (Bankr.E.D.Tenn.1982) (charges added incident to refinancing); *SunAmerica Financial Corp. v. Davenport (In re Davenport)*, 14 B.R. 549, 551–52 (S.D.Ga.1981) (security interest taken in originally purchased property as security for an additional debt); *Booker v. Commercial Credit Corp. (In re Booker)*, 9 B.R. 710 (Bankr.M.D.Ga.1981) (antecedent or pre-existing debt combined with new debt collateralized by newly purchased property in addition to other property). In this case, however, First Franklin, as assignee, and debtor did not enter into a refinancing of the original purchase money obligation, distinguishing it from the factual situation in the case cited by debtor *Franklin v. ITT Financial Services (In re Franklin)*, 75 B.R. 268 (Bankr. M.D.Ga. 1986). *Compare Billings v. Avco Colorado Industrial Bank, supra*, 63 B.R. 717, 720–21 (D.Colo.1986) (purchase money character unchanged by refinancing that only increased interest rate and extended payment period).

In *Franklin*, the court addressed a case in which a debtor obtained refinancing of his purchase money obligation from a party to whom the seller had assigned the security interest and paid off the purchase money note with the new advances. The court held that this refinancing destroyed the purchase money character of the security interest because the new note increased the amount of debt owed and gave the lender additional collateral for the new cash advances. *Franklin*, No. 86–10234–ALB, slip op. at 7. The original purchase money debt was paid off with the new loan proceeds which extinguished the lender's acquisition of purchase money security rights in the property purchased by debtor. Hence the assignment of the security interest was not the determinative factor in the court's ruling. *See also King v. Citizens & Southern National Bank (In re King)*, 19 B.R. 409 (Bankr.M.D.Ga.1982).

In the instant case, however, First Franklin, as assignee of the seller, did not refinance, renew, or modify debtor's purchase money debt. It paid the seller, Murray's T.V., for the notes and security agreements but advanced no funds to debtor or to pay off its debt. The original obligation and its purchase money character remained intact. Only the identity of the holder of the security interest was changed by the assignment, not the nature of the interest itself. Some courts, relying on U.C.C. Section 9–107, Official Comment 1, have concluded that the entirety of rights created in a purchase money security interest can be assigned to a third party assignee by a seller. *See Keller v. Household Finance Corp. Retail Services, Inc. (In re Keller)*, 29 B.R. 91 (Bankr.M.D.Fla.1983); *Popoca v. Household Retail Services, Inc. (In re Popoca)*, 14 B.R. 605 (Bankr.N.D. Ohio 1981). *See also In re Ten Brock*, 4 U.C.C.Rep. 712, 715 (W.D.Mich.1966). This Official Comment provides as follows:

Under this section a seller has a purchase money security interest if he retains a security interest in the goods; a financing agency has a purchase money security interest when it advances money to the seller, taking back an assignment of chattel paper, and also when it makes advances to the buyer (e.g., on chattel mortgage) to enable him to buy, and he uses the money for that purpose.

In *Popoca*, the court reasoned that because such an interest can exist between a seller and a buyer, and between a third party and a buyer, it should also be assignable as such between the seller and a third party.

Finally with respect to the effect of the transfer between Murray's T.V. and First Franklin, O.C.G.A. Section 11–3–201(2) provides that "[a] transfer of a security interest in an instrument vests the foregoing rights in the transferee to the extent of the interest transferred." An assignment of a claim in a promissory note to a third person "vests in the assignee the full legal title to the entire chose in action" and that party is entitled to maintain an action for the full amount of the obligation. *See Henry v. Moister*, 155 Ga.App. 462, 463, 271 S.E.2d

40 (1980); *Brown v. West,* 35 Ga.App. 444 (1), 133 S.E. 304 (1926). By assignment, First Franklin stepped into the shoes of Murray's T.V. as the holder of the collateralized purchase money obligation. Accordingly, the notes and security agreements retained their purchase money character when received by First Franklin as assignee.

Based upon the foregoing findings and conclusions, it is

ORDERED that the court's Order of March 5, 1987 is hereby VACATED and SET ASIDE; and it is

FURTHER ORDERED that the purchase money security interest transferred and assigned by Murray's T.V. to First Franklin retained its purchase money character in the hands of First Franklin, such interest not avoidable pursuant to 11 U.S.C. Section 522(f), and debtor's motion to avoid lien is DENIED.

IT IS SO ORDERED.