**In the Matter of Terry Lee HIPPS, Diane Cannon Hipps, Debtors.**

**Terry Lee HIPPS, Diane Cannon Hipps, of Georgia, Inc., Movants,**

v.

**LANDMARK FINANCIAL SERVICES OF GEORGIA, INC., Respondent.**

Bankruptcy No. A88–01238–ADK.

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Aug. 9, 1988.

Richard G. Pechin, Forest Park, Ga., for movant-debtors.

Pamela L. Tremayne, Atlanta, Ga., for respondent.

ORDER

A. DAVID KAHN, Chief Judge.

Movant–Debtors filed the above-styled contested matter to avoid Respondent's lien pursuant to 11 U.S.C. § 522(f)(2). A hearing was held on June 1, 1988, after which the Court took the matter under advisement and gave the Parties the opportunity to file briefs. The Court finds this matter to be a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). After considering argument of counsel and the briefs filed, the Court now makes the following findings of fact and conclusions of law.

I.

On or about September 18, 1986, the Debtors purchased a television set from Curtis Mathis. In connection with the purchase, the Debtors signed a retail installment contract and a promissory note in the amount of $1,648.04 giving Curtis Mathis a purchase money security interest in the television. The retail installment contract and note were then assigned to Respondent. On or about November 4, 1986, Movant–Debtors obtained a new loan from Respondent which consolidated some of their debts including the debt for the television

set. Movant–Debtors executed a new promissory note and security agreement in the principal amount of approximately $3,339.04. In addition to the Curtis Mathis television, Movant–Debtors gave Respondent a security interest in, *inter alia,* a necklace, a ring, two television sets, and a v.c.r. as additional security for the loan.

Respondent marked the original retail installment contract "PAID." *See* Joint Exhibit 2. The new Promissory Note and Security Agreement stated that the Curtis Mathis television set was "property financed by Landmark [Respondent herein] on a retail installment contract *being paid off with proceeds of this loan.*" Joint Exhibit 1, attached as Exhibit "C" to Respondent's Brief in Opposition to Debtor's Motion to Avoid Lien (emphasis added).

## II.

Movant–Debtors seek to avoid Respondent's lien pursuant to § 522(f)(2) which provides, in part, that a debtor may avoid a nonpossessory, nonpurchase-money security interest in household goods to the extent it impairs an exemption to which the debtor is entitled. The only issue before the Court is whether Respondent retained its purchase money security interest in the Curtis Mathis television set when the loan financing the purchase of it was paid off through the new debt consolidation loan. If Respondent does have such an interest, Movant–Debtors may not avoid Respondent's lien on the television.

A refinancing of an outstanding secured debt may either be considered to be a renewal of the original obligation or a transformation. If it is considered a transformation, then the purchase-money nature of the security interest is lost. The term "purchase money security interest" is not defined in the Bankruptcy Code. Thus, courts look to state law to determine what constitutes a purchase money security interest. *Billings v. Avco Colo. Indus. Bank (In re Billings),* 838 F.2d 405, 406; *Pristas v. Landaus of Plymouth, Inc. (In re Pristas),* 742 F.2d 797, 800.

In the case *sub judice,* it is the law of Georgia that controls. Courts construing Georgia law on this issue have followed the transformation rule. *See, e.g., Safeway Fin. Co. v. Ward (In re Ward),* 14 B.R. 549 (S.D.Ga.1981); *Franklin v. ITT Fin. Serv. (In re Franklin),* 75 B.R. 268 (Bankr.M.D. Ga.1986); *Fickey v. Bank of LaFayette (In re Fickey),* 23 B.R. 586 (Bankr.E.D.Tenn. 1982). In the case of *Franklin,* the Court held that, under Georgia law, the refinancing of a promissory note destroys the purchase money nature of the security interest. In reaching this conclusion, the Court considered Section 11–9–107 of the Official Code of Georgia which defines 'purchase money security interest' as follows:

> A security interest is a "purchase money security interest" to the extent that it is:
>
> (a) Taken or retained by the seller of the collateral to secure all or part of its price; or
>
> (b) Taken by a person who by making advances or incurring an obligation gives value to enable the debtor to acquire rights in or the use of collateral if such value is in fact so used.

The Court also looked to Official Comment 2 of the 1972 revision of the Uniform Commercial Code which states that

> When a purchase money interest is claimed by a secured party who is not a seller, he must of course have given present consideration. This section therefore provides that the purchase money party must be one who gives value "by making advances or incurring an obligation": the quoted language excludes from the purchase money category any security interest taken as security for or in satisfaction of a pre-existing claim or antecedent debt.

Official Comment 2, U.C.C. § 9–107.

Respondent relies upon the case of *First Nat'l. Bank & Trust v. Daniel,* 701 F.2d 141 (11th Cir.1983). As this case did not deal with a purchase money security interest, the Court finds it of little help. Furthermore, the case dealt with a renewal of an installment note where there was neither a new advance nor additional collateral given. In the case *sub judice,* the loan amount was increased and additional collateral was given.

Respondent also relies upon the case of *Billings v. Avco Colo. Indus. Bank (In re Billings)*, 63 Bankr. 717 (D.Colo.1986) in which the Court criticized those courts following the transformation rule. Although not cited by Respondent, the *Billings* case has been affirmed by the Tenth Circuit Court of Appeals. *See* 838 F.2d 405 (10th Cir.1988). In upholding the lower court's decision, the Tenth Circuit Court of Appeals stated that "[t]he basic problem with the automatic 'transformation' rule is that it discourages creditors who have purchase money security interests from helping their debtors work out of financial problems without bankruptcy and without surrendering the collateral securing the debt." 838 F.2d at 409.

After considering both the reasoning advanced by the court in *Billings* and that advanced by the courts following the transformation rule, this Court is persuaded that the transformation rule must be followed. To do otherwise would lead to an accounting nightmare in determining when the purchase money security interest was paid in full and would go against the statutory language contained in O.C.G.A. § 11–9–107. Therefore, the Court holds that Respondent lost its purchase money security interest in the Curtis Mathis television set when it entered into the new consolidation loan with Movant–Debtors. Thus, Movant–Debtors are entitled to avoid Respondent's lien.

In accordance with the reasoning above, IT IS THE ORDER OF THE COURT that Movant–Debtor's Motion to Avoid Lien be, and the same hereby is, GRANTED.

IT IS SO ORDERED.