In re Donald L. **DINGLEDINE**, Debtor.

**GENERAL FINANCE CORPORATION,**
**Plaintiff–Appellant,**

v.

**Donald L. DINGLEDINE,**
**Defendant–Appellee.**

No. 89–1024.

United States District Court,
C.D. Illinois.

May 31, 1989.

Bruce Becker, Peoria, Ill., for plaintiff-appellant.

James S. Brannon, Peoria, Ill., for defendant-appellee.

## ORDER

MIHM, District Judge.

■ The issue for resolution in this bankruptcy appeal is whether, in the context of a consumer loan transaction, a statement that the debtor had given a security interest in "certain household items" is a sufficient disclosure "by type" of the creditor's security interest in fishing equipment and a bicycle (and possibly a camera) under the Truth In Lending Act (hereinafter TILA), accompanying regulations and official commentary. This Court answers that question in the affirmative and reverses the bankruptcy court's ruling to the contrary.

## FACTS

On January 20, 1986, Donald L. Dingledine, the Appellee in this case, entered into a loan contract with Appellant, General Finance Corporation (hereinafter General Finance). The loan was refinanced on August 29, 1986 and November 16, 1987. Concurrent with the making of the original loan and each refinancing, Dingledine gave General Finance a non-purchase money security interest in certain items of personal property.

In the security agreement Dingledine executed, the security for the loan was described as a "camera, fishing equipment, bicycle, hoses, portable grill, cassette recorder/player, radio, VCR." In the federal Truth In Lending disclosure statement that General Finance gave Dingledine in connection with the loan, General Finance indicated that it was taking a security interest in "certain household items."

The items of security listed on the security agreement were selected from an appraisal form. In the bankruptcy court, Dingledine admitted that he and a General Finance representative went over the appraisal form and that he selected the items which were to serve as security. Dingledine also acknowledged that, on November 16, 1987, when he refinanced the loan, he was aware that the term "certain household items," as used in the disclosure statement, referred to the items listed on the security agreement. He was also aware that he was giving a security interest in those items as security for the renewal loan.

Subsequently, Dingledine filed a Chapter 7 bankruptcy proceeding. In that case, he filed a motion to avoid General Finance's non-purchase money security interest pursuant to § 522(f) of the Bankruptcy Code, 11 U.S.C. § 522(f). When General Finance failed to object to the motion, the bankruptcy court entered an order which set aside General Finance's security interest in the above-described goods.

General Finance then filed a Complaint to Determine the Dischargeability of the Debt, in which General Finance alleged that its debt should not be discharged under § 523(a)(2) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2). In its complaint, General Finance contended that Dingledine had given General Finance a false financial statement. Dingledine's Answer to the Complaint included a counterclaim in which he alleged a violation of TILA § 128(a)(9), 15 U.S.C. § 1638(a)(9) and Regulation Z, 12 C.F.R. § 226.18(m). Later, General Finance's Complaint was dismissed, and the case proceeded on Dingledine's TILA counterclaim, based on stipulated facts.

Before the bankruptcy court, as well as before this Court, Dingledine contends that § 226.18(m) of the TILA regulations, Regulation Z, required General Finance to disclose the security interest by identifying the security by "item or type." According

to Dingledine, the disclosure statement at issue here fell short of the mark because the term "certain household items" used in the TILA disclosure statement would not include fishing equipment, a bicycle, and possibly a camera.

The bankruptcy court found in Dingledine's favor. In that court's opinion, only items which are used to operate or maintain the household in which a debtor resides fall within the ambit of the terms "certain household items" or "household goods." Because neither the bicycle nor fishing equipment came within the scope of this test, the bankruptcy court found that the description of the items of security as "certain household items" in the federal disclosure statement was insufficient for TILA purposes.*

## DECISION

TILA § 128(a)(9), 15 U.S.C. § 1638(a)(9), states that, to the extent applicable, a creditor in a consumer credit transaction where the credit is secured shall include in the Truth in Lending disclosure statement "a statement that a security interest has been taken in ... (B) property not purchased as part of the credit transaction identified by item or type." Likewise, Regulation Z, 12 C.F.R. § 226.18(m), states that, for each transaction, a creditor shall disclose, as applicable, "the fact that the creditor has or will acquire a security interest in the property purchased as part of the transaction, or in other property identified by item or type." Official Comment 18(m)-2 to Regulation Z states:

> In non-purchase money transactions, the property subject to the security interest must be identified by item or type. This disclosure is satisfied by a general disclosure of the category of property subject to the security interest, such as "motor vehicles," "securities," "certain household items," or "household goods." (Creditors should be aware, however, that the federal credit practices rules, as

well as some state laws, prohibit certain security interests in household goods.) At the creditor's option, however, a more precise identification of the property or goods may be provided.

While there seems to be a lack of case law interpreting the scope of the term "certain household items," it is clear that the disclosure term "certain household items" is expressly authorized by Official Comment 18(m)-2. While Dingledine would have this Court rule that fishing equipment and a bicycle do not fall within the meaning of "certain household items," this Court cannot comply with Dingledine's wishes.

Although the bankruptcy court held that, in order for a piece of personal property to fall within the term "certain household items" or "household goods," that item must be used to operate or maintain the household in which the debtor resides, the bankruptcy court's restrictive application of those terms is explained only by the bankruptcy court's statement that the fishing equipment and bicycle would be used for recreational purposes away from the debtor's home. The bankruptcy court failed to indicate why possessions that are used for entertainment purposes away from a debtor's home are not "household items."

The bankruptcy court's narrow reading of the term "certain household items" appears to be a result of that court's construction of the term in light of § 522(f) of the Bankruptcy Code. As Dingledine has noted, numerous courts have found that goods which are used for recreational purposes are not "household goods" within the meaning of § 522(f). *See, e.g., In re Weaver*, 78 B.R. 135 (Bankr.N.D.Tex.1987); *McTearnen v. Associates Financial Services Company of Colorado, Inc.*, 54 B.R. 764 (Bankr.Col.1985); *In re Psick*, 61 B.R. 308 (Bankr.D.Minn.1985). Yet, the meaning of the term "household goods" in the § 522(f) context is very different from, and

---

* The bankruptcy court also found that Dingledine's actual knowledge did not prevent a violation of § 226.18 and that Dingledine's lien avoidance action did not constitute a judicial determination that the bicycle and fishing equipment were "household goods." Because this Court finds, *infra*, that General Finance's description of the collateral was sufficient for TILA purposes, this Court need not reach those issues.

narrower than, its meaning in the context of TILA. As stated by the Court in *In re Ruppe*, 3 B.R. 60 (Bankr.D.Col.1980), the definition of "household goods" in the § 522(f) context "must be given a narrow construction...." The construction most properly applied would be those items necessary to the functioning of the household consistent with providing the debtor a fresh start contemplated by the overall bankruptcy philosophy. *Id.* at 61. Thus, while a narrow construction of the term "household goods" may be appropriate in the § 522(f) context, such is not necessarily the case in the TILA context. In spite of that fact, Dingledine makes his entire argument as though this were a § 522(f) case. The problem is, it is not.

■ Dingledine argues, in essence, that nothing that is stored outside a debtor's abode can be considered a "household item." Yet, a bicycle and fishing equipment are commonly understood to be "household items," at least for the purpose of disclosing a security interest created elsewhere. Both fishing equipment and a bicycle are commonly found in and around a household. Of course, the general disclosure of "certain household items" could be broken down into more specific categories, but TILA does not require such specificity in a TILA disclosure statement. As mentioned above, Official Comment 18(m)–2 requires only "a general disclosure of the category of property subject to the security interest, such as ... 'certain household items'...." It is this Court's opinion that the bankruptcy court erred in requiring the specificity that it did for the description of the fishing equipment and bicycle in the TILA disclosure statement.

This Court is well aware that the purpose of TILA is to protect consumers. Strict construction of TILA in favor of the consumer does not permit this Court to ignore the fact that TILA, Regulation Z, and the Official Comment allow identification of property in which the creditor is taking a security interest "by type," and the Official Comment instruction that the disclosure requirement is satisfied by a "general" disclosure, such as "certain household items,"

or "household goods." This Court believes that fishing equipment and the bicycle are "household items" within common parlance, and, for this reason, rejects Dingledine's position and the reasoning of the bankruptcy court.

This Court believes that the congressional purpose behind TILA has been fulfilled in this case. The security agreement between the parties specifically identified each item in which General Finance was taking a security interest; the TILA disclosure statement identified those items by the admittedly general term "certain household items." Nothing in TILA, however, indicates that the term "household items" as used in that statute, has the same restrictive meaning as it has in the context of § 522(f) of the Bankruptcy Code. Because it is the latter meaning that was applied by the bankruptcy court in this case, the bankruptcy court decision must be, and hereby is REVERSED.

It is so ordered.