**In re David A. HATFIELD and Christine B. Hatfield, Debtors.**

No. 90–80158.

United States Bankruptcy Court, C.D. Illinois.

Aug. 2, 1990.

388

James S. Brannon, Peoria, Ill., for debtors.

Kevin D. Schneider, Thomas W. O'Neal, Peoria, Ill., for Visco Finance.

## OPINION

WILLIAM V. ALTENBERGER, Bankruptcy Judge.

This matter is before the Court on the Motion for Relief from the Automatic Stay filed by VISCO FINANCE (VISCO) and the objection by VISCO to the Statement of Intention filed by the Debtors, DAVID and CHRISTINE HATFIELD (HATFIELDS) along with the HATFIELDS' counterclaim alleging a Truth-in-Lending violation. Both parties have filed motions for summary judgment.

In June, 1988, VISCO financed the HATFIELDS' purchase of certain bedroom furnishings, taking a purchase money security interest. In September, 1989, after a default by the HATFIELDS, and at their request, VISCO refinanced the loan. VISCO retained the security interest in the bedroom furnishings. No additional collateral was taken and no additional funds were advanced. The amount of the monthly payments were reduced from $96.95 to $79.25.

The HATFIELDS filed a Chapter 7 bankruptcy petition on January 24, 1990. The Statement of Intention filed by the HATFIELDS indicated that VISCO's lien would be avoided pursuant to Section 522(f) of the Bankruptcy Code. VISCO objected thereto, claiming that its security interest in the bedroom furnishings was a purchase money security interest and thus not subject to avoidance. VISCO also filed a motion for relief from the automatic stay in order to foreclose its security interest in the bedroom furnishings. In response to the motion, the HATFIELDS claimed that VISCO lost its purchase money security interest when the loan was refinanced. The HATFIELDS also alleged a violation of the Federal Truth In Lending Act, 15 U.S.C. Section 1638(a)(9). VISCO answered the counterclaim, asserting (1) that this Court was without jurisdiction to entertain it, and (2) that it properly disclosed its security interest at the time of the refinancing.[1] Cross motions for summary

---

1. Although VISCO raised the issue of this Court's jurisdiction over the HATFIELDS' coun-

judgment were filed. Two issues are presented for the Court's determination: (1) whether the renewal of the 1988 loan destroyed the purchase-money character of VISCO's security interest; and (2) whether the disclosure made by VISCO complied with Section 1638(a)(9) of the Truth In Lending Act.

■ There is a split in authority on the issue of whether a creditor loses its purchase money security interest when the original loan is refinanced. *See In re Gillie*, 96 B.R. 689 (Bkrtcy.N.D.Tex.1989). As the court in *Gillie* noted, courts from the 1st, 4th, 5th, 6th, 8th, 9th and 11th Circuits have held that a renewal extinguishes the purchase money character of a security interest. Courts from the 3rd, 8th, 9th and 10th Circuits have reached a contrary result. While the 7th Circuit Court of Appeals has not ruled on the issue, Judge Lessen, Chief Bankruptcy Judge for this District, has, and this Court agrees with his decision. *See In re Hills*, Case No. 86–72037 (July 29, 1987) (unpublished). Judge Lessen stated:

> The courts addressing this issue have basically split into two opposing camps, those following the "Transformation Rule" and those following the "dual status" rule. The Transformation Rule holds that the purchase-money character of a security interest is extinguished when the proceeds of a renewal note are used to satisfy the original note. The leading case espousing this rule is *In re Matthews*, 724 F.2d 798 (9th Cir.1984). In *Matthews*, the debtor purchased a piano with funds borrowed from the loan company. A year later, the loan was refinanced, the prior obligation paid off, insurance payments made, and the debtors received some new cash. The debtors subsequently filed bankruptcy and challenged the creditor's interest. The Ninth Circuit held that the loan company's purchase-money security interest was defeated. Relying on Sec. 9–107 of

the UCC, and the official UCC commentary, the Court determined that any obligation incurred in order to satisfy an antecedent debt did not qualify as a purchase-money security interest under either the UCC or the Bankruptcy Code.

> The opposing view is represented by the "dual status" or "dual personality" rule, which holds that the presence of a nonpurchase-money security interest does not destroy the purchase-money aspect of the loan. In other words, the dual status rule makes it possible for a creditor to have a hybrid security interest which is in part purchase-money and in part nonpurchase-money. The leading exponent of this rule is *Pristas v. Landaus Plymouth, Inc.*, 742 F.2d 797 (3rd Cir.1984). The *Pristas* court criticized the Transformation Rule as misguided because it fails to consider the "to the extent language" of Sec. 9–107 of the Uniform Commercial Code. The court found that a "purchase-money security interest in a quantity of goods can remain such 'to the extent' it secures the price of that item, even though it may also secure the payment of other articles." 742 F.2d at 801. The court further stated:

>> Tolerance of "add-on" debt and collateral provisions, properly applied, carries out the approbation for purchase-money security arrangements and simplifies repeat transactions between the same buyer and seller.

> Id. at 801. The court, however, limited its holding to those cases in which a determination can be made as to how much of the debtor's obligation is allocable to the secured goods and how much is not.

> The courts in this Circuit which have discussed this issue have not adopted the Transformation Rule or the dual status rule. *In re Gayhart*, 33 B.R. 699 (Bankr.N.D.Ill.1983); *Matter of Richardson*, 47 B.R. 113 (Bankr.W.D.Wis.1985);

terclaim in its answer to that counterclaim, it failed to address the issue in its motion for summary judgment. VISCO is quite correct that an action alleging violations of the Truth in Lending Act is a non-core proceeding. *Barber v.*

*USA Financial Services, Inc.,* Adv. No. 86–8397 (J. Altenberger, April 13, 1987). Nonetheless, by failing to pursue that issue, VISCO will be regarded as consenting to the rendering of a final judgment by this Court.

*In re Mulcahy*, 3 B.R. 454 (Bankr.S.D. Ind.1980). The courts view a strict application of the Transformation Rule as working "unintended and inequitable results" including the result of discouraging creditors from refinancing consumer loans. *In re Gayhart, supra*, 33 B.R. at 700–01. The problem with the dual status rule is the difficulty of determining when any one item is paid off and released from the security agreement. *In re Mulcahy, supra*, 3 B.R. at 457. Thus, the courts have taken a case by case approach which examines whether the refinancing agreement can be characterized as merely a renewal of the original obligation or as a novation. A renewal allows the purchase-money character of the security to survive. A novation, on the other hand, extinguishes the purchase-money character of the loan.

The *Gayhart* court stated the test for delineating between a novation and a renewal in the "degree to which the original obligation of the debtor has changed and, to some extent, on any additional consideration which was conveyed by the debtor to the creditor." 33 B.R. at 700. The greater degree of change in obligation or increase in obligation, the more likely a novation will be found. *Id.* The Court believes this middle-of-the-road approach is the proper test. . . . (Citations omitted).

■ Applying that test to the facts of the present case, this Court finds that the purchase-money character of VISCO's security interest survives the refinancing. The only changes involved in the refinanced note were an extended payment period and a small reduction in the amount of the monthly payments. The security for the two notes remained the same, as did the interest rate. The most significant factor is that no additional funds were advanced.

■ The HATFIELDS have counterclaimed, alleging that VISCO violated Section 128(a)(9) of the Truth in Lending Act,

15 U.S.C. Section 1638(a)(9), which requires a creditor to disclose the fact that the creditor has or will acquire a security interest in the property which is purchased as a part of the credit transaction or in other property identified by item or type. The Disclosure Statement given to the HATFIELDS at the time the loan was refinanced provided that VISCO was taking a security interest in "the goods being purchased." The HATFIELDS argue that the disclosure is not accurate, as the bedroom furnishings were purchased in June, 1988, and not when the loan was refinanced. They claim that it is irrelevant whether or not VISCO actually had a purchase money security interest.

VISCO relies on Regulation Z, 12 C.F.R. Section 226.18(m),[2] which provides for the disclosure of the following:

> (m) Security interest. The fact that the creditor has or will acquire a security interest in the property purchased as part of the transaction, or in other property identified by item or type.

Noting that the Official Staff Commentary states that a general identification is sufficient "[w]hen the collateral is the item purchased as part of, or with the proceeds of, the credit transaction," VISCO argues that its disclosure was proper. VISCO asserts it would be an anomalous result for the Court to find that it had a purchase money security interest for purposes of lien avoidance under the Bankruptcy Code but not for purposes of disclosure under the Truth in Lending Act. Neither party cited any authority and this appears to be a case of first impression.

Contrary to VISCO's assertion, it is not an anomalous result to find a purchase money security interest exists for purposes of the Bankruptcy Code, but not for Truth in Lending purposes. The Bankruptcy Code and Truth in Lending have different goals. The goal of the Bankruptcy Code is to establish a procedure for the liquidation of assets and discharge of debts, and in the process, establish substantive rights be-

---

**2.** The Truth in Lending Regulations, Regulation Z, can be found at 12 C.F.R., Section 226.18; 15

U.S.C.A., following Section 1700.

tween creditors and debtors. On the other hand, the goal of Truth in Lending is disclosure, telling the common consumer the terms of the credit transaction. It is to be construed liberally in favor of the consumer and strictly enforced because its purpose is to protect consumers. *In re Underwood*, 66 B.R. 656 (Bkrtcy.W.D.Va.1986). The adequacy of the disclosure is viewed, not through the eyes of a sophisticated creditor, but through the eyes of the common consumer. *Edmondson v. Allen–Russell Ford, Inc.*, 577 F.2d 291 (5th Cir. 1978). The disclosure is not made upon the creditor's understanding of what was occurring but on a layman's understanding. As the goal of the Bankruptcy Code and the Truth in Lending Act are different, it is appropriate to come to different results as to the meaning of "purchase money security interest" if those results are required to reach a correct result under the Bankruptcy Code and the Truth in Lending Act. This approach is consistent with the District Court's decision in *In re Dingledine*, 118 B.R. 631 (J. Mihm, May 31, 1989).

The Truth in Lending Act is highly technical and strict compliance is required. VISCO having access to the loan file and being a sophisticated lender, knew the HATFIELDS were giving a security interest in the bedroom furnishings they purchased fifteen months earlier. But the HATFIELDS may or may not have remembered the specifics of the earlier transaction, and it is not unreasonable to expect VISCO to disclose to the HATFIELDS what occurred fifteen months earlier by listing the bedroom furnishings rather than making a general reference to "goods being purchased". Meaningful disclosure is achieved by VISCO telling the debtors the specific items of furniture that were subject to the security interest at the time of the refinance rather than relying on the HATFIELDS' memory of what transpired at the time of the original loan some fifteen months earlier.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

### ORDER

For the reasons set forth in an Opinion filed this day, IT IS ORDERED that:

1. VISCO FINANCE's Motion for Relief from the Automatic Stay is hereby GRANTED;

2. The first counterclaim filed by the HATFIELDS is DENIED;

3. VISCO FINANCE's objection to the HATFIELDS' Statement of Intention is ALLOWED.

4. The second counterclaim filed by the HATFIELDS is ALLOWED and judgment be entered in favor of the HATFIELDS and against VISCO FINANCE, for $1,000.00, reasonable attorney fees, and costs.